EDISON ELECTRIC ILLUMINATING COMPANY OF BROOKLYN, Plaintiff, *v.* HORACE E. FRICK COMPANY and Others, Defendants, Impleaded with PEOPLE'S NATIONAL BANK OF LEBANON, PENNSYLVANIA, Appellant.

JOHN V. LINDBERG, Respondent.

Second Department, October 6, 1911.

Party — interpleader — money due under contract — rights of judgment creditor of contractor — debtor and creditor — effect of third party order in supplementary proceedings.

Where one owing money to a contracting company under a contract has, pursuant to section 820a of the Code of Civil Procedure, interpleaded his creditor and various other parties, some claiming the money under mechanics' liens, others under attachments and others under assignments from the creditor, a judgment creditor of the contracting company, whose execution has been returned unsatisfied, has such an interest in the subject-matter of the action as to give him the right to be brought in as a party defendant.

Moreover, where such judgment creditor has instituted proceedings supplementary to execution on his judgment and has therein obtained a

third party order restraining the plaintiff from disposing of any money due from it to the contracting company he has a specific equitable lien on the money in suit.

APPEAL by the defendant, the People's National Bank, sued as People's National Bank of Lebanon, Pennsylvania, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 13th day of May, 1911, permitting the respondent to intervene as a party defendant.

The action was brought by the plaintiff, Edison Electric Illuminating Company, under section 820a of the Code of Civil Procedure, on the 7th day of July, 1910, and had for its object the interpleading of the above-named defendants; in the complaint it was alleged, among other things, that the said plaintiff owed the said defendant, Horace E. Frick Company, the sum of $5,900.65, and that the other defendants, by reason of their dealings with the said Horace E. Frick Company, claimed the entire sum of $5,900.65, some of them by virtue of mechanics' liens filed against the property of the said plaintiff, others by virtue of attachments against the said sum of $5,900.65, and others by virtue of assignments from the said Horace E. Frick Company. The said plaintiff, not being desirous of deciding the said conflicting claims, brought the said action in the complaint, of which the prayer for relief is as follows:

"Wherefore, plaintiff demands judgment that the defendants be required to interplead together and among themselves concerning their respective claims to said moneys; that the plaintiff be permitted to pay the amount of the said debt into court; that, upon such payment into court, the mechanics' liens filed by the defendants, Ajax Lead-Coating Company, M. Goodwin Company, Audley Clarke Company and Neal & Brinker Company, be discharged of record and the plaintiff be discharged from any further liability to any of the parties of this action on account of the said contracts, and the moneys payable thereon, and for such other and further relief as to the court may seem just and proper."

Respondent is a judgment creditor of the Horace E. Frick Company. Execution on his judgment having been returned unsatisfied, he brought proceedings supplementary to execu-

tion. In such proceedings a third party order was obtained restraining the plaintiff herein, the Edison Electric Illuminating Company of Brooklyn, from in any way disposing of any money due from it to the judgment debtor.

*Walter H. Bond,* for the appellant.

*Charles D. Miller,* for the respondent.

JENKS, P. J., THOMAS, CARR, WOODWARD and RICH, JJ., concurred.

Order affirmed, with ten dollars cost and disbursements, on the opinion of BLACKMAR, J., at Special Term.

The following is the opinion of Mr. Justice BLACKMAR:

BLACKMAR, J.:

The interlocutory judgment or order under section 820a of the Code having been entered, the plaintiff is practically discharged from the action. The contest is now solely between the different defendants. Now comes another person, the applicant, who claims an interest in the fund, and I can see no theoretical or practical objection to giving him an opportunity to assert it. A judgment creditor, whose execution has been returned unsatisfied, has an interest in property of the judgment debtor which warrants him in seeking the aid of a court of equity to have it applied to the satisfaction of his judgment. As incidental to the relief, fraudulent conveyance may be swept aside. The applicant, therefore, has such an interest as is contemplated by section 452 of the Code. In addition to this, the third-party order gives him a specific equitable lien. The applicant may take an order making him a party defendant, and amending all process and pleadings accordingly without prejudice and subject to all proceedings already had in the action, with leave to set up his claim to the fund by serving on the other defendants within ten days such pleadings as he may be advised, which shall be considered as controverted by the other defendants by traverse or avoidance, as the case may require, without formal pleadings. No costs.