## SULZBERGER v. SEKLIR et al.

(Supreme Court, Appellate Division, First Department. December 6, 1912.)

1. INTERPLEADER (§ 40*)—ORDER TO PAY INTO COURT—COMPLAINT AND AFFIDAVIT.

Where the complaint in an action for interpleader, under Code Civ. Proc. § 820a, authorizing such proceeding, recited that the plaintiff had money in his hands claimed by defendants and desired to pay same to parties entitled, and by reason of the adverse claims was unable to do so, but failed either in the complaint or affidavit to state the basis of the claims of the defendants, an order requiring plaintiff to pay the money into court was improper.

[Ed. Note.—For other cases, see Interpleader, Cent. Dig. § 78; Dec. Dig. § 40.*]

2. APPEAL AND ERROR (§ 151*)—ORDER TO PAY INTO COURT—RIGHT OF APPEAL.

The defendants in an action for interpleader, under Code Civ. Proc. § 820a, authorizing such proceeding, may appeal from an order, made on an insufficient showing, which requires plaintiff to pay the money into court and discharges him from any further liability to any of the defendants on account thereof.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 947–952; Dec. Dig. § 151.*]

Appeal from Special Term, New York County.

Action by Myron Sulzberger against Aaron W. Seklir and another, impleaded with Grant W. Anson and others. From an order granting motion for interpleader, defendants appeal. Reversed, and motion denied, with leave to renew.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

Lewis Schuldenfrei, for appellants.

Isidor Enselman and George H. Epstein, both of New York City, for respondent.

SCOTT, J. This is an action for interpleader brought under section 820a of the Code of Civil Procedure. The appeal is from an order permitting the plaintiff to pay into court a sum of money to which conflicting claims are made by the defendants, and providing that upon such payment the plaintiff stand discharged from any further liability to any of the defendants upon account of the said debt.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

It appears that the money sought to be deposited represents the commissions upon a real estate transaction, and is payable to some one for brokerage in that transaction. Plaintiff makes no claim to it himself, but is unwilling to assume the risk of determining to whom it should be paid. The defendant Seklir was the only broker in the transaction known to plaintiff. The defendant Atanasio, however, claims to have been a partner of Seklir, and to be jointly entitled to the brokerage. The defendants Peters and Anson claim to be entitled to a part of the brokerage under an assignment from Seklir. All of the defendants have demanded payment from the plaintiff, and the defendants Seklir and Atanasio have begun an action against the plaintiff in the City Court, which is now at issue awaiting trial.

[1] The complaint follows the requirements of section 820a of the Code of Civil Procedure, and recites that the plaintiff has the sum of money in his hands, that it has been claimed and demanded by the several defendants, that plaintiff is anxious and willing to pay it to the parties defendant who are entitled thereto, and in the proportion in which they are entitled thereto, but by reason of the adverse claims aforesaid is unable to determine to whom or in what proportions said sum is payable. The plaintiff alleges that the action is not brought collusively, and that he is not in collusion with any of the parties defendant. Wherefore he asks to be allowed to pay the money into court, and thereupon to be discharged from any further liability therefor to any of the defendants. Nothing whatever is stated either in the complaint or the affidavits showing the basis of the claims of Atanasio, Peters, or Anson, beyond the bald statement that they all assert claims and have made demands upon the plaintiff.

This is not sufficient to justify the order appealed from. In Pouch v. Prudential Insurance Company, 204 N. Y. 281, 97 N. E. 731, the Court of Appeals had under consideration an order for interpleader under section 820, Code of Civil Procedure, and in the course of its opinion laid down the rule governing, not only such motions, but also actions under section 820a. The court said:

"The courts of this state, other than this court, have also with substantial unanimity held that it is necessary to sustain an action for interpleader, or a motion under the Code to show that the alleged claims have, or in a case of a motion the claim of a third person has, some reasonable basis on which to rest. While it has never been held that it is necessary, to sustain an interpleader, to show that a claimant will probably succeed in establishing his claim, a mere assertion of claim by another, without alleging anything whatever on which to base it, is not enough."

Referring to an action under section 820a, the court further said:

"The language used is so similar to the language of section 820, relating to interpleader by order, that it must be assumed that the Legislature intended that it should be construed as the language of section 820 had so long been construed. Statutes are presumed to be enacted by the Legislature with knowledge of the decisions of the courts construing the language used therein, unless it expressly appears that the construction given by the courts was not intended."

This seems to be decisive of the present appeal. It is perhaps not necessary, in an action like the present, that the complaint should state

the facts tending to show that the conflicting claims to the fund rest upon reasonable basis, but such facts should certainly be set forth by affidavit upon the motion for leave to pay into court.

[2] It is suggested that the appellant is not aggrieved by the order appealed from, because its only effect is to permit the payment into court; the provision that plaintiff stand discharged of further liability being merely copied out of the statute. In effect, however, the order to pay into court determines the action so far as the plaintiff is concerned. Section 820a provides that where the plaintiff shall have obtained an order to pay into court, and shall have so paid, he "shall stand discharged from any further liability to any of the defendants in said action upon account of said debt and contract." The only opportunity, therefore, to determine whether the plaintiff is entitled to relief presents itself when he applies for leave to pay into court, and if that motion be granted the only way to present upon appeal the question of his right to relief is by an appeal like the present. We are of opinion, therefore, that the order appealed from must be reversed, and the motion denied; but as plaintiff may be able to present further facts upon another application, which will entitle him to the relief he seeks, the denial of the motion will be with leave to renew.

Order appealed from reversed, with $10 costs and disbursements, and the motion denied, but with leave to plaintiff to renew upon further affidavits. All concur.