**CHASE NAT. BANK OF CITY OF NEW YORK v. DIRECTORATE GENERAL OF POSTAL REMITTANCES & SAVINGS BANK, etc., et al.**

United States District Court
S. D. New York.

Jan. 17, 1951.

734

Milbank, Tweed, Hope & Hadley, New York City, for plaintiff.

Wolf, Popper, Ross & Wolf, New York City, for defendants Su Yu Nung, Wen Hseuh Hung, Pan Shao Chung, Chen Wen Piao and W. F. Wenli, and purporting to represent Directorate General of Postal Remittances & Savings Bank, Chinese Postal Remittances & Savings Bank, Y. C. Doong, K. C. Tseng, Y. F. Loh, Fu Hsu-Ken and Y. W. Chan.

Nordlinger, Riegelman & Benetar, New York City, for defendants Republic of China and Wellington Koo, as Ambassador for the Republic of China.

Burke & Burke, New York City, for defendants T. Y. Ho, Lung Yu-Tan, H. J. Su, Chang Chi-Hsi, C. F. Wu and S. T. Wong, and purporting to represent Directorate General of. Postal Remittances & Savings Bank, Chinese Postal Remittances

& Savings Bank, H. C. Doong, K. C. Tseng, Y. F. Loh, Fu Hsu-Ken and Y. W. Chan.

SUGARMAN, District Judge.

On January 19, 1950 the Supreme Court of the State of New York, County of New York, entered an order granting the petitioner, Chase National Bank of the City of New York, (hereinafter referred to as Chase) leave to issue a summons against and serve a complaint upon Directorate General of Postal Remittances & Savings Bank, and seventeen other defendants.[1]

Pursuant thereto, a complaint against said defendants was issued and, together with a summons and, in accordance with an order made on the 23rd of January, 1950, was served by publication upon said defendants.

The complaint alleges that the plaintiff is a national banking association; that the defendants Directorate General of Postal Remittances & Savings Bank and Chinese Postal Remittances & Savings Bank are commercial banking institutions organized under the laws of the Republic of China; that the plaintiff, at its branch at 18 Pine Street, holds in two deposit accounts, to the credit of defendant Directorate General of Postal Remittances & Savings Bank $532,829.68 and $200,000.00 respectively; that the plaintiff, at its same branch, holds in a deposit account to the credit of defendant, Chinese Postal Remittances & Savings Bank, $58,293.67. It further alleges that, according to the plaintiff's records, five of the defendants[2] are the persons authorized to sign documents affecting the $532,829.68 account of defendant Directorate General of Postal Remittances

1. The seventeen additional defendants are Chinese Postal Remittances & Savings Bank, T. Y. Ho, Lung Yu-Tan, H. J. Su, Chang Chi-Hsi, K. C. Tseng, H. C. Doong, Y. F. Loh, Fu Hsu-Ken, Y. W. Chan, C. F. Wu, S. T. Wong, Republic of China, Wellington Koo, as Ambassador of the Republic of China, Su Yu Nung, "Director General of Postos", "John Doe and Richard Roe", said last two names being fictitious, the true names being unknown to petitioner, it being intended thereby to designate all

officers, directors, managers, or other persons claiming authority to act on behalf of Directorate General of Postal Remittances & Savings Bank and Chinese Postal Remittances & Savings Bank, and all persons having any interest adverse to that of any other party to this action in the deposit balances to which the action related.

2. These five defendants are T. Y. Ho, Lung Yu-Tan, H. J. Su, Chang Chi-Hsi and K. C. Tseng.

& Savings Bank; that six[3] of the defendants are authorized to sign documents affecting the $200,000.00 account of the defendant Directorate General of Postal Remittances & Savings Bank; that six[4] of the defendants are authorized to sign documents affecting the $58,293.67 account of defendant Chinese Postal Remittances & Savings Bank. It is further alleged that the defendant, Republic of China, represented in the United States by the defendant Wellington Koo, has an interest in said accounts. The complaint then alleges that on January 6, 1950 the plaintiff received a cable from Peking, China, purportedly signed by defendant Su Yu Nung, "Director General of Postos", in substance advising the plaintiff that Su Yu Nung took over the three accounts, stopped payments therefrom and instructed the plaintiff not to honor directions of the prior officers of the defendant Directorate General of Postal Remittances & Savings Bank. Thereafter and on January 11, 1950, the complaint continues, the plaintiff received a cable purportedly from the defendant, Directorate General of Postal Remittances & Savings Bank, asserting its right to the accounts to the exclusion of the "so called Peking China Director General of Postos". It is also alleged that because of the present unsettled conditions in China, the plaintiff believes that there are others, unknown to it who might assert an interest in the accounts, or claim to have authority to act in connection therewith.[5] The usual relief of interpleader is then sought.

On January 24th an order was made in the State court directing the plaintiff to retain to the credit of the action until final judgment, the three deposit balances. That order provided "upon the entry of this order plaintiff shall be and is hereby discharged from any and all liability to any of the parties to this action with respect to all of said deposit balances * * *"

On April 21st a motion was made, returnable at Special Term, Part III of the New York County Supreme Court, jointly by Nordlinger, R. & B., as attorneys for the defendants Republic of China and Wellington Koo, and Burke & B., as attorneys for thirteen of the remaining sixteen defendants, namely, all except Su Yu Nung "Director General of Postos", "John Doe" and "Richard Roe", seeking an order striking out an appearance by Wolf, P. R. & W., as attorneys for the defendants Directorate General of Postal Remittances & Savings Bank, Chinese Postal Remittances & Savings Bank and Su Yu Nung "Director General of Postos" and for a further order dropping Su Yu Nung "Director General of Postos" as a defendant in the action.

On May 3rd the motion was submitted, without argument, to Mr. Justice Edward R. Koch of the New York Supreme Court. The movants urged that the application be granted; Wolf, P. R. & W. requested an adjournment of ninety days. The Department of State of the United States delivered to the court a letter stating that the United States Government recognized the Nationalist Government as the Government of China; recognized Dr. Wellington Koo, the Chinese Ambassador to the United States, as the accredited representative of the Government of China in the United States and as the only person authorized to speak here for the Chinese Government. The Court took the motion under advisement.

While the motion was pending and before a decision thereof by Mr. Justice Koch, certain other papers were filed. The movants by Burke & B. submitted an affidavit sworn to May 12, 1950 indicating that the plaintiff, Chase National Bank had received a certificate under § 25(b) par. 4 of the Federal Reserve Act, 12 U.S.C.A. § 632, relative to the individuals having authority to sign with respect to the three accounts in question and accepting those accounts as belonging to the Directorate General of Postal Remittances & Savings Bank, an instrumentality of the National

3. These six defendants are the five defendants mentioned in Note 2 and the defendant H. C. Doong.

4. These six defendants are K. C. Tseng (who is included in those mentioned in Notes 2 and 3) and Y. F. Loh, Fu Hsu-Ken, Y. W. Chan, C. F. Wu and S. T. Wong.

5. These are joined as the two defendants "John Doe" and "Richard Roe".

Government of China, the Government recognized by the United States. On the other hand, by an affidavit dated also May 12th, Wolf, P. R. & W. reiterated their request for a ninety day adjournment and, without prejudice, made substantive opposition to the application, asking its denial, or in the alternative, the appointment of a referee to hear the issues of fact arising thereunder. Additional affidavits were submitted by Wolf, P. R. & W. in opposition to the motion, the most significant of which is that sworn to May 31, 1950 indicating that the defendant H. C. Doong, who, until that time appeared to have been represented by Burke & B., authorized Wolf, P. R. & W. to represent him in the litigation and denied the authority of Burke & B. to have done so.[6]

Ultimately, and on June 6, 1950, Mr. Justice Koch signed a short form order which was received from him (according to the stamp on its face) by the Clerk of Special Term, Part III on June 7, 1950. The short form order had attached to it the numbered papers submitted originally on the motion, the numbers of which appeared on the short form order and also, a stamped legend "Memorandum Only". The affidavits submitted subsequent to the submission of the motion and prior to the date of the short form order, were neither numbered, referred to in, nor attached to the short form order. The typed portion of the short form order reads: "This is a motion to drop party claiming to be director of interpleaded banks, and to strike out appearance by him for said banks. The party whose appearance is questioned obtained his authority from the regime now in control of China. This regime has not been recog-

nized by the United States as the Government of China; therefore, that regime and those claiming to be authorized by it are without capacity to sue in this court. Russian Socialist Federated Soviet Republic v. Cibrario, 235 N.Y. 255, 139 N.E. 259. Motion is granted. Settle order."

On June 10, 1950, four days after the short form order was signed by Mr. Justice Koch, Wolf, P. R. & W., on behalf of defendants Directorate General of Postal Remittances & Savings Bank, Chinese Postal Remittances & Savings Bank and Su Yu Nung, Director General of Postos, had the cause removed from the Supreme Court, New York County, to this court where it received Clerk's Number Civil 58–346. Simultaneously, the same firm of attorneys, but representing the defendant H. C. Doong (see marginal notes 3 and 6, supra), also had the case removed from the Supreme Court, New York County, to this Court, where the matter received Clerk's Number Civil 58–345. Thus, we now have pending in this district two causes, severally filed, emanating from one proceeding in the state court.[7]

On June 15th Wolf, P. R. & W. obtained from one of the judges of this court an ex parte order, extending the time of the defendants Directorate General of Postal Remittances & Savings Bank, Chinese Postal Remittances & Savings Bank, Su Yu Nung, H. C. Doong, K. C. Tseng, Y. F. Loh, Fu Hsu-Ken and Y. W. Chan to answer or move with respect to the complaint until such time as would be fixed in an order to be entered on a motion returnable June 27, 1950 for an extension of time to plead.[8]

---

6. As will be noted from Note 3, supra, Doong had authority to sign only in connection with the $200,000 account of defendant Directorate General of Postal Remittances & Savings Bank. He had no authority to act with respect to the other two accounts, Notes 2 and 4, supra.

7. Case Number Civil 58–346 removed by Wolf, P. R. & W. on behalf of Directorate General of Postal Remittances & Savings Bank, Chinese Postal Remittances & Savings Bank and Su Yu Nung, Director General of Postos must therefore be deemed to concern the deposits of

(a) $532,829.68 in the name of Directorate General of Postal Remittances & Savings Bank and (b) $58,293.67 in the name of Chinese Postal Remittances & Savings Bank.

Case Number Civil 58–345 removed by Wolf, P. R. & W. on behalf of H. C. Doong must therefore be deemed to concern only the deposit of $200,000 in the name of Directorate General of Postal Remittances & Savings Bank.

8. In this connection it should be noted that defendants K. C. Tseng, Y. F. Loh, Fu Hsu-Ken and Y. W. Chan, asserted

On June 16th Wolf, P. R. & W. filed an affidavit in the New York Supreme Court, New York County, contesting that court's authority, in view of the removal of the cause to this court, to further act in the matter.

On June 21, 1950 the same firm of Wolf, P. R. & W. filed in both pending matters in this court their notice of appearance as attorneys for Wen Hseuh Hung and Pan Shao Chung, individually and on behalf of all insurance policy holders similarly situated, Chen Wen Piao, individually and on behalf of all passbook savings depositors similarly situated and W. F. Wenli, individually and on behalf of all wartime savings certificate holders similarly situated, said defendants allegedly being described in the complaint as the fictitious "John Doe and Richard Roe".

On June 22, 1950 Mr. Justice Koch signed a long form order in the New York Supreme Court providing that Su Yu Nung, "Director General of Postos" be dropped as a party defendant and that the notices of appearance of Wolf, P. R. & W. as attorneys for the defendants Directorate General of Postal Remittances & Savings Bank, Chinese Postal Remittances & Savings Bank and Su Yu Nung "Director General of Postos" be stricken. This long form order recited the papers referred to in the short form order and also the affidavits submitted while the motion was pending before Mr. Justice Koch which, as above indicated, were neither numbered nor referred to in the short form order of June 6, 1950. It was not until June 22, 1950 that all of the papers were filed in the New York County Clerk's office. From that order of June 22, 1950 Wolf, P. R. & W. filed a notice of appeal to the Appellate Division, First Department, on July 21, 1950.

After the removal of the cause to this court, certain motions were made by the parties, in both suits now here pending, which are the basis of the instant determination. Wolf, P. R. & W. moved in one motion for threefold relief: (a) for a hearing under Rule 43(e), Fed.Rules Civ. Proc. 28 U.S.C.A.; (b) for extension of time to plead (see Note 8 supra); and (c) to strike the appearances of Burke & B. on behalf of the defendants H. C. Doong, K. C. Tseng, Y. F. Loh, Fu Hsu-Ken and Y. W. Chan (see Note 8 supra). Wolf, P. R. & W. also moved by a companion motion, to amend the title of the proceedings by substituting Wen Hseuh Hung, Pan Shao Chung, Chen Wen Piao and W. F. Wenli as the true names of "John Doe and Richard Roe". Nordlinger, R. & B. and Burke & B., in addition to opposing the aforesaid motions of Wolf, P. R. & W. have jointly moved by way of cross motions, for relief as follows: first, for an order remanding the causes to the New York State Supreme Court, New York County; second, for an order vacating the ex parte order of June 15th, extending the time to answer or move, of the defendants hereinabove mentioned in that connection; and third, that the appearances of Wolf, P. R. & W. on behalf of Hung, Chung, Piao and Wenli be stricken out.

Obviously, if the cross motion to remand [9] made by Nordlinger, R. & B. and

---

to be represented upon that application by Wolf, P. R. & W. were claimed in the prior State Court proceedings to be clients of Burke & B. The motion for an extension of time to plead is, as will hereinafter appear, one of those now before this court.

9. In support of the motion to remand Case Number Civil 58–346 (see Note 7, supra), Nordlinger, R. & B. and Burke & B. in essence urged that, by virtue of Mr. Justice Koch's short form order of June 6, 1950 the defendant Su Yu Nung had been effectively removed from the suit and was thus not a defendant entitled under Title 12 U.S.C.A. § 632 to

remove the cause and that said short form order also struck out Wolf, P. R. & W.'s alleged appearance for the other removing defendants in that case and hence said other defendants had never sought removal. As to case Number Civil 58–345 (see Note 7, supra) the movants for remand urged that if Burke & B. improperly appeared for H. C. Doong originally, Doong was therefore in default and no longer a defendant entitled to remove the cause under Title 12 U.S.C.A. § 632.

Wolf, P. R. & W. met these contentions by asserting, in substance, as to the first, that the short form order

Burke & B. is granted, no consideration of any of the other motions made by either side will be necessary for, upon remand, this court would no longer have jurisdiction of the causes. Conversely, if the cross motion to remand is denied, then all of the other motions must be dealt with. Accordingly, the cross motion to remand will first be considered.

The petitions under which the state court cause was removed, as two causes into this court, each recite "that this is a suit of civil nature to which a corporation organized under the laws of the United States, to wit, the plaintiff is a party; that this suit arises out of transactions involving international or foreign banking and out of other international or foreign financial operations, and arises under the laws of the United States (12 U.S.C. § 632)."

Title 12 U.S.C.A. § 632 provides that "* * * all suits of a civil nature at common law or in equity to which any corporation organized under the laws of the United States shall be a party, arising out of transactions involving international or foreign banking, * * * or out of other international or foreign financial operations, * * * shall be deemed to arise under the laws of the United States, and the district courts of the United States shall have original jurisdiction of all such suits; and any defendant in any such suit may, at any time before the trial thereof, remove such suits from the State Court into the district court of the United States for the proper district * * *."

The statute mandates that before removal can properly be had, it must appear that a party to the suit is a corporation organized under the laws of the United States. There is no dispute that Chase is so organized. However, is it a party to the suit? As is pointed out above, the Supreme

Court, New York County, made its order on January 24th, directing Chase to hold the accounts to the credit of this action and further providing that upon the entry of said order, Chase be discharged from any and all liability to any of the parties to this action with respect to all of said deposit balances.

While it is true that the order of January 24th was granted *ex parte,* it is equally true, as Wolf, P. R. & W. frankly confess in an affidavit of one of the members of that firm [10], that said order is "valid and subsisting and no application has been made to vacate" it. Without any attempt at over simplification it would seem that the effect of that order on Chase's status in the litigation determines whether, when the State court suit was removed, Chase was still a party to the suit. Whether the suit be deemed one under the New York statute, Articles 28 and 28A, Civil Practice Act or one at common law is immaterial, for, in either event the effect of the order of January 24th, on Chase's status is the same.

Notwithstanding the obvious afterthought of the affiant [11] in asserting a "possible" claim against Chase for improperly honoring drafts on the deposits after his client Su Yu Nung had cabled Chase not to do so, or the vague suggestion that the balances admitted by Chase in its complaint were incorrect, there can be no serious dispute that the suit herein is a strict interpleader. No one (except as above noted) ever questioned the amount alleged by Chase to be due and no one questions that Chase asserts no claim to the funds or any part thereof except to the extent that it might be awarded the costs and disbursements incurred by it in connection with the suit.

Whether Chase remained a party to the action after the order of January

was only a decision and not dispositive of the issues and, finality absent, became ineffective upon removal; and, as to the second, that Doong's time to plead had been extended by this court by the ex parte order of June 15th.

As to both cases now in this court, it was further urged by movants that the proceedings in the Supreme Court constituted the trial contemplated by Title 12 U.S.C.A. § 632 and the removal, not having preceded same, was abortive.

10. This affidavit was submitted upon a supplemental argument addressed solely to the question whether Chase was still a party in view of the order of January 24th discharging it from liability upon the impounding of the deposits.

11. Contained in the affidavit referred to in Note 10 supra.

24th is a substantive question and thus the law of New York must supply the answer. Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188; Griffin v. McCoach, 313 U.S. 498, 61 S.Ct. 1023, 85 L.Ed. 1481; Guaranty Trust Co. of New York v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079. This being so, I hold that Chase was no longer a party to this action when the abortive removal was procured.

In Empire Engineering Corp. v. Mack, 217 N.Y. 85, 111 N.E. 475, 477, Judge Pound wrote, "It has repeatedly been held that when the amount of the debt is not in dispute, when the conflicting claims are to substantially the same debt, when plaintiff stands indifferent between the rival claimants, when the only question in the case arises from the doubtful rights and conflicting claims of the several defendants as between themselves, the real parties in interest are the defendants. Plaintiff may then be discharged from liability by paying the amount of the debt into court * * *. Crane v. McDonald, 118 N.Y. 648, 654, 23 N.E. 991."

In Edison Illuminating Company of Brooklyn v. Horace E. Frick Co., 146 App. Div. 605, 131 N.Y.S. 125, 126, the Second Department Appellate Division affirmance is specifically based on the opinion of the Justice at Special Term quoted therein. In dealing with the forerunner of the present interpleader sections of the New York Civil Practice Act, Justice Blackmar at Special Term said, "The interlocutory judgment or order, under section 820a of the Code, having been entered, the plaintiff is practically discharged from the action. The contest is now solely between the different defendants."

In Sulzberger v. Seklir, 153 App.Div. 749, 138 N.Y.S. 691, 693, the Appellate Division, First Department, in discussing the effect of a deposit under § 820(a), Code of Civil Procedure, said, "In effect, however, the order to pay into court determines the action so far as the plaintiff is concerned."

The federal rule is in complete accord. In Treinies v. Sunshine Mining Co., 1939, 308 U.S. 66, 60 S.Ct. 44, 84 L.Ed. 85, adequacy of diversity of citizenship in a suit under the Interpleader Act of January 20, 1936, 49 Stat. 1096, was found where the complainant-stakeholder was co-citizen of one group of claimants who were, in turn, of different citizenship from the other group of claimants. In concluding that the citizenship of the complainant-stakeholder was of no moment in testing diversity, Mr. Justice Reed, speaking for the full bench (one Justice taking no part) said 308 U.S. at page 72, 60 S.Ct. at page 48 " * * * there is a real controversy between the adverse claimants. They are brought into the court by the complainant stakeholder who simultaneously deposits the money or property, due and involved in the dispute into the registry of the court. This was done in this case. The act provides that the 'court shall hear and determine the cause and shall discharge the complainant from further liability.' Such deposit and discharge effectually demonstrates the applicant's disinterestedness as between the claimants and as to the property in dispute, an essential in interpleaders."

It must follow that upon the entry of the order of January 24, 1950, thus far unchallenged, directing Chase to retain the funds to the credit of the action and discharging it from any liability thereafter, Chase no longer remained a party to the suit. There being then, no corporation organized under the laws of the United States remaining a party to the litigation since January 24, 1950, this court could not obtain jurisdiction of the suit under Title 12 U.S.C.A. § 632 by removal thereof on June 10, 1950. The suit should not have been removed from the New York Supreme Court to this court and must therefore be remanded.

In view of this holding, it becomes unnecessary to consider the other arguments advanced for and against remand (see marginal note 9) and upon those contentions no opinion is ventured.

The cross-motion by Nordlinger, R. & B. and Burke & B. to remand is granted. Their cross-motion to vacate the ex parte order made in this court on June 15, 1950, extending the time of certain defendants to answer or move and the motions brought on by Wolf, P. R. & W., 1. (a) for a

hearing under Rule 43(e); (b) for extension of time to plead; and (c) to strike the appearances of Burke & B. on behalf of certain defendants; and 2. to amend the title of the proceedings, having, by virtue of the remand become academic, are not passed upon.

Settle order on notice.