**Gladys M. LAWHORN, Plaintiff,**

v.

**Frank G. LAWHORN, Defendant.**

**Civ. A. No. 72–48 CH.**

United States District Court,
S. D. West Virginia,
Charleston Division.

May 4, 1972.

---

Larry W. Andrews, Charleston, W. Va., for plaintiff.

Wayne A. Rich, Jr., Asst. U. S. Atty., Charleston, W. Va., for defendant.

## MEMORANDUM ORDER

KNAPP, District Judge.

On Friday, April 28, 1972 a Motion to Quash a garnishment summons was filed in the above styled case by Assistant United States Attorney, Wayne Rich. The summons was issued by the Court of Common Pleas of Kanawha County, West Virginia, to attach the wages of the defendant, an employee of the United States Postal Service. It was served on the United States Postal Service in Chesapeake, West Virginia. The issue raised in the motion now under consideration is whether the United States Postal Service is subject to a garnishment proceeding.

Attempts to garnish the wages of Government employees have traditionally been rejected. Buchanan v. Alexander, 4 How. 20, 45 U.S. 20, 11 L.Ed. 857 (1846). The prohibition against garnishment of the wages of an employee of a federal agency clearly applies to the United States Postal Service. The delivery of the mail is not the "engag[ing] in commercial and business transactions with the public," F. H. A. v. Burr, 309 U.S. 242, 245, 60 S.Ct. 488, 490, 84 L.Ed. 724 (1940), of the type contemplated by *Burr*. It is rather a function which the Constitution places exclusively in the hands of Congress. U.S. Constitution, Article 1, Sec. 8, Clause 7.

Congress has provided that only the postal service may deliver the mail, 39 U.S.C., Sec. 601 et seq. (1971). [See generally, United States v. Kochersperger, 26 Fed.Cas.No.15,541 (C.C.Pa.1860)] The Postal Service has not been "launched into the commercial world" in the sense of *Burr*, but rather has been delegated specific Constitutional authority from Congress to perform an exclusively governmental function.

The District of Columbia was held not to be amenable to a garnishment proceeding despite a "sue or be sued" clause in the statute creating it, 16 Stat. 419, in Chewning v. District of Columbia, 73 U.S.App.D.C. 392, 119 F.2d 459 (1941), cert. den. 314 U.S. 639, 62 S.Ct. 74, 86 L.Ed. 513. The Court in distinguishing *Burr* noted, inter alia, that the District of Columbia was not a modern federal governmental corporation * * * launched * * * in the commercial world, but rather "has a great variety of governmental functions." 119 F.2d at 461. Similarly, the Postal Service is not a governmental corporation in the sense that the FHA is, but is rather an independent establishment of the executive branch, 39 U.S.C. Sec. 201, performing a function which only the federal government may perform or delegate.

Furthermore, to subject the Postal Service to garnishment proceedings for the possible debts of 750,000 employees is to impose a "grave interference" with the performance of a purely government function—delivery of the U. S. Mail.

Accordingly, it is hereby ordered that the garnishment summons be and the same is hereby quashed.