**DETROIT WINDOW CLEANERS LOCAL 139 INSURANCE FUND,**
Plaintiff,

v.

**Alfred GRIFFIN et al., Defendants,**
and
**Ford Motor Company et al., Garnishee Defendants.**

Civ. A. No. 38360.

United States District Court,
E. D. Michigan, S. D.

July 26, 1972.

Sharples, Klein & Gale by David Y. Klein, Southfield, Mich., for plaintiff.

**1344**

Ralph B. Guy, Jr., U. S. Atty., by Barry Blyveis, Asst. U. S. Atty., Detroit, Mich., for U. S. Postal Service.

## ORDER TO QUASH WRIT OF GARNISHMENT

KAESS, Chief Judge.

In this case, plaintiff is attempting to garnish money allegedly owing to the defendants for services rendered upon a contract for the cleaning of windows in certain buildings occupied by the United Postal Service.

It is plaintiff's position that, when Congress conferred the power to "sue and be sued" upon the United States Postal Service, it intended to include in this power a waiver of immunity from garnishment proceedings. 39 U.S.C. § 401.

■ The Court cannot agree with this contention. Lawhorn v. Lawhorn, Civil Action No. 72–48, United States District Court, Southern District of West Virginia, May 4, 1972.

The legislative history of the Postal Reorganization Act, P.L. 91–375; 39 U. S.C. § 101 et seq., clearly indicates that Congress was most dissatisfied with the poor performance of the former Post Office Department. U. S. Code Congressional and Admin.News 1970, p. 3649 et seq. Delays, breakdowns, errors, and other inconvenience to the public had become the rule rather than the exception. The Post Office had not kept pace with the advances of modern technology, and it had chronically operated at a huge deficit.

It was with these problems in mind that Congress enacted the Postal Reorganization Act. One of the prime goals of the Act was to provide an efficient and economical postal system. It is the Court's view that allowing garnishment against the Postal Service would not further these stated purposes of Congress. To the contrary, it would place an unnecessary burden on the Postal Service at a time when it can least afford it.

■■ While the old Post Office Department was an executive department of the Government, and the Postal Service is now an "independent establishment of the executive branch of the Government", 39 U.S.C. § 201, the activities of the two entities are essentially governmental in nature. As stated previously, the purpose of the Postal Reorganization Act was to establish an organization which would be able to perform an existing government function in a more efficient manner.

Thus, the power to sue and be sued must not be viewed in a vacuum. It should be regarded as a power which Congress intended to further the objectives of the Postal Reform Act, and not as a millstone which would further impede the operation of the new Service.

Attempts to garnish the wages of government employees have traditionally been rejected. The Supreme Court, in the leading case of Buchanan v. Alexander, 45 U.S. (4 How.) 20, 11 L.Ed. 857 (1846), stated that:

> [No] government can sanction it. At all times it would be found embarrassing, and under some circumstances, it might be fatal to the public service.
>
> The funds of the government are specifically appropriated to certain national objectives, and if such appropriations may be diverted and defeated by state process or otherwise, the functions of the government may be suspended. *Id.* at 20.

In the case of F.H.A. v. Burr, 309 U. S. 242, 60 S.Ct. 488, 84 L.Ed. 724 (1940), the Supreme Court ruled that the Federal Housing Administration, an agency with the power to sue and be sued, was subject to garnishment proceedings. The court, however, set forth criteria whereby a "sue or be sued" clause need not be construed as waiving immunity to garnishment. The relevant language states:

> Rather if the general authority to "sue and be sued" is to be delimited by implied exceptions, it must be

clearly shown that certain types of suits are not consistent with the statutory or constitutional scheme, that an implied restriction of the general authority is necessary to avoid grave interference with the performance of a governmental function, or that for other reasons it was plainly the purpose of Congress to use the "sue and be sued" clause in a narrow sense. In the absence of such showing, it must be presumed that when Congress launched governmental agency into the commercial world and endowed it with authority to "sue or be sued", that agency is not less amenable to judicial process than a private enterprise under like circumstances would be. 309 U.S. at 245, 60 S.Ct. at 490.

The United States Postal Service clearly falls within this exception. The delivery of the mail is not a commercial and business transaction with the public as contemplated by *Burr*. It is rather a function the Constitution places exclusively in the hands of Congress. U.S. Const. Art. I, § 8, cl. 7. Congress has provided that only the Postal Service may deliver the mail, 39 U.S.C. § 601 et seq. (1971) (see generally United States v. Kochersperger, 36 Fed. Case No. 15,541 (C.C.E.D.Pa.1860), and has made delivery of letters outside the mails a criminal offense. 18 U.S.C. § 1696 (1969). The Postal Service has not been "launched into the commercial world" in the sense of *Burr*, but rather has been the delegee of specific constitutional authority from Congress to perform an exclusively governmental function. Cf. Saltzstein and Resh, "Postal Reform: Some Legal and Practical Considerations", 12 Wm. & Mary L.Rev. 766, 770, et seq. (1971).

In view of all of the above considerations, the Court finds that it was not the intention of Congress to subject the Postal Service to garnishment proceedings.

Therefore, it is ordered that the Postal Service's Motion to Quash the Writ of Garnishment be, and hereby is, granted.