QUESTION: Has the reorganization by Congress of the United States Post Office Department into the United States Postal Service subjected said Postal Service's property to ad valorem taxation for the year 1974 and subsequent years?
SUMMARY: Property owned by the United States Postal Service is immune from ad valorem taxation. Your question is answered in the negative. Section 196.199(1)(a), F.S., provides that property owned and used by the United States — except such property as is made subject to state and local taxation under any law of the United States — shall be exempt from ad valorem taxation. Notwithstanding the exemption provided by s. 196.199(1)(a), F.S., the Florida Supreme Court has recognized the long-established principle that all properties, functions, and instrumentalities of the federal government are immune from any state taxation, unless the federal government has consented to be taxed by way of a specific act of Congress. Patrick Gardens, Inc. v. J. D. Nash, Patrick Village, Inc. v. J. D. Nash, 100 So.2d 626 (Fla. 1958), citing as authority Park-N-Shop, Inc. v. Sparkman, 99 So.2d 571
(Fla. 1958); AGO 059-49; 31 Fla. Jur. Taxation ss. 181-183 (1974) and cases cited therein. See also AGO 073-118; AGO 072-277 (discusses distinction between "exempt" and "immune"). The above being so, the former Post Office Department, having been a federal agency performing a governmental function, was immune from state taxation of any of its properties and functions, due to the long-standing principle that the federal government is immune from state taxation unless it should consent thereto. See Van Brocklin v. Tennessee, 117 U.S. 151 (1886); Riverside Military Academy v. Watkins, 19 So.2d 870 (Fla. 1944); 71 Am.Jur.2d State and Local Taxation ss. 221-243 (1973); cf., AGO 071-212. See also5 Stat. 742, March 3, 1845, Act for Admission of the States of Iowa and Florida into the Union. The question then arises as to whether the reorganization of the former United States Post Office Department into the United States Postal Service has in any way affected the former status of immunity from state taxation, specifically, ad valorem taxation. I have reviewed the Postal Reorganization Act of 1970 (Title 39 U.S.C.A.; Pub.L. 91-375; 84 Stat. 719) and note that the act creates the Postal Service as "an independent establishment of the executive branch of the Government," 39 U.S.C.A. s. 201. I note further that there is no express provision granting the state or any of its political subdivisions the right to tax any properties or functions of the Postal Service. Moreover, the reorganized Postal Service is not a corporation; rather, it is a branch of the federal government performing governmental services. Title I of this bill provides for the total reform and complete modernization of the Post Office Department. It takes the Post Office Department completely out of the President's Cabinet and out of politics and recasts it in the form of an independent establishment within the executive branch of the Government, to be known as the United States Postal Service. . . . It does not provide for a Government corporation, but it does provide for matching responsibility with authority to conduct the affairs of the Postal Establishment on a business like basis, while retaining the public service character of the Nation's mail system. (Emphasis supplied.) Committee Report, Committee on Post Office and Civil Service, U.S. Code Congressional and Administrative News, Vol. II, 1970, p. 3654. It has also been held that the new Postal Service is, in fact, performing a governmental function. Detroit Window Cleaners Loc. 139 Ins. Fund v. Griffin,345 F. Supp. 1343 (D.C. E.D. Mich. 1972); Lawhorn v. Lawhorn,351 F. Supp. 1399 (D.C. S.D. W. Va. 1972). Absent congressional consent to taxation, I am of the opinion that the reorganization by Congress of the United States Post Office Department into the United States Postal Service has not in any way affected the former status of immunity from state taxation, specifically, ad valorem taxation, and that the properties and functions of the United States Postal Service are immune from ad valorem taxation.