**DRS. MACHT, PODORE & ASSOCIATES, INC., Plaintiff,**

v.

**Ronald GIRTON et al., Defendants.**

**No. C-1-74-463.**

United States District Court, S. D. Ohio, W. D.

March 7, 1975.

---

Paul J. Vesper, Cincinnati, Ohio, for plaintiff.

John J. Cruze, Asst. U. S. Atty., Cincinnati, Ohio, for defendants.

## ORDER

HOGAN, District Judge.

Pending in this cause are two motions, the first being the motion of the plaintiff to remand the action to the state court in which it originated, and the second being the motion of the United States to quash the notice of garnishment. On this record, the facts are undisputed, and from these facts the following issues are presented for consideration.

1) Is a notice of garnishment a "civil action" removable under 28 U.S.C. § 1441 et seq.?

2) Is the United States Postal Service subject to garnishment proceedings?

The plaintiff, Drs. Macht, Podore & Associates, Inc., obtained a judgment in the Hamilton County Municipal Court, Cincinnati, Ohio, against the defendants Ronald and Patricia Girton. Subsequently, the plaintiff served a notice of garnishment on the defendant's employer, The United States Postal Service, in an effort to collect on its judgment. The United States then filed a petition for removal in this Court pursuant to 28 U.S.C. § 1441 et seq.

As to the first issue, the removability of a garnishment proceeding, there is a split of authority as to which law is applicable. One view is that the nature of a garnishment proceeding should be determined solely by the applicable state law. American Auto Ins. Co. v. Freundt, 103 F.2d 613 (7th Cir. 1939); London & Lancashire Indemnity Co. v. Courtney, 106 F.2d 277 (10th Cir. 1939). This view has been criticized by Professor Moore as not being consistent with the Supreme Court holding that the right of removal under the federal statutes must be determined by the federal law. See 1A Moore, Federal Practice, ¶ 0.167 (12–3) (1974) *citing* Chicago R. I. & P. RR v. Stude, 346 U.S. 574, 74 S.Ct. 290, 98 L.Ed. 317 (1953).

The other view is that the nature of a garnishment proceeding should be determined by federal law, and that any state characterization of its garnishment proceeding should be accorded some weight, but should not be controlling. Stoll v. Hawkeye Cas. Co., 185 F.2d 96 (8th Cir. 1950). This latter approach has been followed by several courts in the more recent cases and the "distinct trend" seems to be one of determining the nature of a garnishment proceeding by federal law. See, generally, Wright, Federal Courts, § 38 (1970) citing Swanson v. Liberty National Ins. Co., 353 F.2d 12 (9th Cir. 1965); Randolph v. Employer Mutual Liability Ins. Co., 260 F.2d 461 (8th Cir. 1958); Stoll v. Hawkeye Cas. Co. of Des Moines, supra.

This latter approach is supported by the greater weight of authority and represents, we believe, the better view. Therefore, we hold that under federal

law (28 U.S.C. § 1441 et seq.) an Ohio garnishment proceeding is an independent "civil action" and is removable by the garnishee, in this case the United States Postal Service.

The second issue concerns the amenability of the United States Postal Service to garnishment proceedings. The plaintiff contends that, since 39 U.S.C. § 401 allows the Postal Service to sue and be sued, it may properly be subject to garnishment proceedings as to the debts of its employees. In support of its argument, the plaintiff relies on F. H. A. v. Burr, 309 U.S. 242, 60 S.Ct. 488, 84 L.Ed.2d 724 (1940), in which the United States Supreme Court held that the Federal Housing Administration was amenable to garnishment proceedings for a debt of an employee under 12 U.S.C. § 1702, which provided that the Administrator could sue or be sued. By analogy, the plaintiff here urges us to extend the holding of Burr to a garnishment proceeding instituted against the Postal Service.

On the other hand, the United States contends that Burr can be distinguished from the present case. In support of its argument, the United States relies on two district court cases which have held, specifically, that the Postal Service is not subject to garnishment proceedings. Detroit Window Cleaners Local 139 Ins. Fund v. Griffin, 345 F.Supp. 1343 (E.D.Mich.1972); Lawhorn v. Lawhorn, 351 F.Supp. 1399 (S.D.W.Va.1972). In each of these cases, the court cited various factors which made garnishment of the Postal Service distinguishable from garnishment of the F.H.A. These fac-

tors included legislative history,[1] the governmental function of the Postal Service, and the noncommercial nature of the postal operation.

It is true, as the plaintiff asserts, that the Supreme Court in Burr construed the "sue and be sued" clause of the Housing Act (12 U.S.C. § 1702) liberally, but it it equally clear that Burr did not hold that the power "to sue or be sued," ipso facto, subjected a governmental entity to garnishment proceedings.[2] The holding of that case was that absent special circumstances, the power to sue and be sued includes being subject to garnishment. F. H. A. v. Burr, supra.

In accord with the reasoning in Lawhorn and Detroit Window Cleaners, supra, we hold that special circumstances are present which distinguish this case from Burr, and, therefore, the Postal Service is not subject to garnishment proceedings.

The motion to quash the garnishment order (notice of garnishment) is granted and the ancillary proceedings removed insofar as they constitute proceedings (garnishment) by the plaintiff creditor against the garnishee (Joseph Scanlon, Postmaster) are dismissed.

The remand also brought to this Court the main proceedings, Macht, et al, v. Girton et al, (see 28 U.S.C. § 1441). As to the main proceedings involving only Macht, et al, v. Girton, the motion to remand is sustained and that matter is remanded (being not within this Court's original jurisdiction). The plaintiff is therefore at liberty to proceed (except against the Postmaster) in the state court (again see 28 U.S.C. § 1441).

1. The purpose of the Postal Reorganization Act was to provide an efficient and economical postal system. The courts in Lawhorn and Detroit Window Cleaners were of the opinion that garnishment proceedings would unduly hamper the efficiency of the Postal Service.

2. The Court in Burr set out three situations in which an implied restriction on the general authority to sue and be sued may be warranted. They are:

1) Where the suit is not consistent with the statutory scheme,

2) Where the suit may gravely interfere with the governmental function, or

3) Where Congress intended, for other reasons, to have the power to sue and be sued interpreted narrowly.

309 U.S. at 245, 60 S.Ct. 488.