**Dr. David M. NOLAN, Plaintiff,**

**v.**

**Kenneth WOODRUFF, Defendant.**

**The MANAGEMENT PARTNERSHIP, INC., Plaintiff,**

**v.**

**Francis M. ADDISON, Defendant.**

**Civ. A. Nos. 75–756, 75–757.**

United States District Court, District of Columbia.

Sept. 30, 1975.

———◆———

William A. Grant, Donald B. Weisfeld, Washington, D. C., for plaintiffs.

John R. Dugan, Asst. U. S. Atty., for U. S. Postal Service.

## MEMORANDUM OPINION

CHARLES R. RICHEY, District Judge.

Plaintiff in No. 75–756, Dr. David M. Nolan, obtained a judgment in the Superior Court of the District of Columbia as a result of a suit against defendant Kenneth Woodruff. *Nolan v. Woodruff,* S.C. No. 28203–73 (Sept. 24, 1973). On April 16, 1975, plaintiff's counsel filed a writ of attachment and directed the writ to the United States Postal Service, the employer of defendant Woodruff, in an effort to garnish Woodruff's wages.

Plaintiff in No. 75–757, Management Partnership, Inc., obtained a judgment against defendant Francis M. Addison, also a Postal Service employee, in *The Management Partnership, Inc. v. Addison,* S. C. No. 14802–73 (June 13, 1973). A writ of attachment was also entered by Management Partnership, on April 16, 1975.

On April 23, 1975, counsel for the Postal Service requested that the Clerk of the Superior Court withdraw both of the above-captioned attachments because Congress had not authorized garnishment proceedings against the Postal Service with respect to its employees' private debts. The attachments were released on Court order, whereupon plaintiffs filed a "traverse" to the answer of the garnishee. Superior Court Judge Dyer Taylor directed the parties to file points and authorities in support of their respective positions by May 9, 1975. On May 8, 1975, the Postal Service informed the Court of its intention to petition for removal to this Court, and on May 9, 1975, said petition was filed.[1]

Removal jurisdiction in this case is based upon 28 U.S.C. §§ 1441–1442. See *Drs. Macht, Podore & Associates, Inc. v. Girton,* 392 F.Supp. 66 (S.D.Ohio 1975). By Order of this Court dated August 22, 1975, these cases were consolidated because the same issue is central to both: whether a plaintiff may garnish the wages of an employee of the United States Postal Service. The case is currently before this Court on the Postal Service's motion to quash the writs of attachment.

---

1. The statement of background facts above is drawn from all of the substantive pleadings in this case.

It has long been established that, generally, the wages of government employees are not subject to garnishment. "At all times it would be found embarrassing, and under some circumstances, it might be fatal to the public service." *Buchanan v. Alexander,* 45 U.S. (4 How.) 19, 20 (1846). However, an exception to the general rule was carved out in *Federal Housing Administration v. Burr,* 309 U.S. 242, 60 S.Ct. 488, 84 L.Ed. 724 (1940). The Federal Housing Administration (FHA) was created by statute in 1934. Act of June 27, 1934, ch. 847, 48 Stat. 1246. One year later, § 1 of the Act was amended so as to authorize the Federal Housing Administrator to "sue and be sued" in carrying out the provisions of the Act. Banking Act of 1935, ch. 614, § 344(a), 49 Stat. 722. In *Burr,* a creditor sought to garnish the wages of an FHA employee. The central issue in the case was whether the "sue or be sued" clause constituted an authorization by Congress to subject the FHA to garnishment proceedings with respect to its employees. Mr. Justice Douglas, writing for a unanimous Supreme Court, concluded that the "sue or be sued" clause had to be interpreted liberally with regard to such "federal instrumentalities" as the FHA. "[W]hen Congress establishes such an agency, authorizes it to engage in commercial and business transactions with the public, and permits it to 'sue and be sued', it cannot be lightly assumed that restrictions on that authority are to be implied. . . . [I]t must be presumed that when Congress launched a governmental agency into the commercial world and endowed it with authority to 'sue or be sued', that agency is not less amenable to judicial process than a private enterprise under like circumstances would be." 309 U.S. at 245, 60 S.Ct. at 490.

Plaintiffs rely heavily on *Burr,* contending that it controls the instant action. They point out that the Postal Service, which is the successor to the Post Office Department and was created in 1970 as "an independent establishment of the executive branch," 39 U.S.C.A. § 201 (Supp.1975), is endowed with the power to "sue or be sued," 39 U.S.C.A. § 401(1) (Supp.1975). Therefore, plaintiffs contend, Postal Service employees' wages can be attached, as the wages of FHA employees were held subject to garnishment in *Burr.*

Several federal district courts have considered this precise issue and have come to the conclusion that Postal Service employees' wages are not subject to attachment. *Drs. Macht, Podore & Associates, Inc. v. Girton,* 392 F.Supp. 66 (S.D.Ohio 1975); *Lawhorn v. Lawhorn,* 351 F.Supp. 1399 (S.D.W.Va.1972); *Detroit Window Cleaners Local 139 Insurance Fund v. Griffin,* 345 F.Supp. 1343 (E.D.Mich.1972); *Commerce Bank of Kansas City v. Fugate,* C.A. No. 20470–2 (W.D.Mo., Feb. 27, 1973); *Bean, Phillips & Bean v. Moore,* C.A. No. 6305 (E.D.Tenn., June 20, 1972); *Mid–Town Finance Co. v. Russell,* C.A. No. 6307 (E.D.Tenn., April 24, 1972). This Court is in agreement with the courts which have previously considered the issue. The exception to the general rule which was carved out in *Burr* was made because the FHA was an entity which Congress had authorized "to engage in commercial and business transactions with the public." The FHA was created as part of the larger scheme of the National Housing Act. Act of June 27, 1934, ch. 847, 48 Stat. 1246. In Title I, § 2 of the Act, the FHA was granted the power to insure financial institutions against losses from loans made for the purpose of improvement of real property. In § 3, the FHA was empowered to make loans to such institutions. In Title II, §§ 203 and 207, the FHA was also empowered to insure qualifying mortgagees of property and low-cost housing projects. In

short, the FHA was, as the Supreme Court termed it, clearly "launched" by Congress "into the commercial world." 309 U.S. at 245, 60 S.Ct. at 490. By contrast, the Postal Service is not a commercial institution but an organization "operated as a basic and fundamental service provided to the people by the Government . . . authorized by the Constitution . . . ." 39 U.S.C. § 101(a) (Supp.1975). As the court in *Detroit Window Cleaners* noted:

"The delivery of the mail is not a commercial and business transaction with the public as contemplated by *Burr*. It is rather a function the Constitution places exclusively in the hands of Congress. Art. I, § 8, cl. 7. . . . The Postal Service has not been 'launched into the commercial world' in the sense of *Burr*, but rather has been the delegee of specific constitutional authority from Congress to perform an exclusively governmental function." 345 F.Supp. at 1345.

The Postal Service thus does not fall within the *Burr* exception; the general rule that the wages of government employees are not subject to garnishment obtains in the instant actions.

Accordingly, the Postal Service's motion to quash the writs of attachment previously lodged against it must be granted. Moreover, the Court will remand all matters still pending in these cases to the Superior Court of the District of Columbia pursuant to 28 U.S.C. § 1441(c). Plaintiffs may proceed with their attempts to satisfy their judgments except as against the United States Postal Service. See *Drs. Macht, Podore & Associates, Inc., supra*, 392 F. Supp. at 68.

An Order in accordance with the foregoing Memorandum Opinion will be issued of even date herewith.