**COLONIAL BANK**

v.

**Arlington BROUSSARD et al.**

**D. H. HOLMES CO., LTD.**

v.

**John P. ANDERSON.**

**D. H. HOLMES COMPANY, LTD.**

v.

**James WASHINGTON, Jr.,
United States Post Office.**

Civ. A. Nos. 75–2012, 75–2088, 75–2155.

United States District Court,
E. D. Louisiana.

Oct. 14, 1975.

Alvin A. LeBlanc, Jr., W. Larry Floyd, New Orleans, for Colonial Bank.

Elliott G. Courtright, Metairie, for D. H. Holmes, Co., Ltd.

Michaelle F. Pitard, Asst. U. S. Atty., New Orleans, for the U. S.

ALVIN B. RUBIN, District Judge:

■ In each of these consolidated cases, creditors are attempting to garnish the wages of employees of the United States Postal Service. The Postal Service has moved for a dismissal on the ground that it is not subject to garnishment proceedings. The reorganized Postal Service is an agency of the federal government with express statutory power to sue and be sued. 39 U.S.C.A. § 401(1). In *F. H. A. v. Burr*, 1940, 309 U.S. 242, 60 S.Ct. 488, 84 L.Ed. 724, the Supreme Court held that garnishment proceedings could be filed against such an agency to compel it to withhold from an employee's wages sums due that employee's creditor. The Court reasoned that, in giving consent for the agency to sue and be sued, Congress had authorized garnishment proceedings as well as other types of suits. This is generally the law with respect to such agencies. 3A Moore's Federal Practice ¶ 17.23 at 816. If the Postal Service is to be held immune, an exception to the general rule must be recognized.

■ The Postal Service is unlike many other federal agencies authorized to "sue and be sued". It discharges a purely governmental function—delivery of the mails. While it also delivers packages in competition with private companies, its major function is exclusively governmental.

However, this does not, of itself, remove the Postal Service from the ambit of the *Burr* decision. See *White v. Bloomberg*, 4 Cir. 1974, 501 F.2d 1379, 1386. The Court said in *Burr* that an exception to the broad language authorizing a federal agency to "sue and be sued" can be implied only upon a showing that "it was plainly the purpose of Congress to use the 'sue and be sued' clause in a narrow sense." 60 S.Ct. at 490. Such a restrictive purpose can be deduced if

subjecting the Postal Service to garnishment would lead to a "grave interference with the performance of a governmental function." Id.

The Government urges that this would result from allowing garnishment, but it offers no evidence that this would occur. Some district courts have agreed with the Postal Service's position, presumably as a matter of law and of judicial deduction from known facts. See, e. g., *Commerce Bank v. Fugate*, CA 20470–2, D.Mo. Feb. 27, 1973; *Detroit Window Cleaners v. Griffin*, E.D.Mich. 1972, 345 F.Supp. 1343. But that conclusion is not self-evident.

One of the major purposes of the reorganization of the Postal Service was to make it more self-sufficient, more like a business service. U.S.Code Cong. & Admin.News 1970, pp. 3654, 3660, 3665. It may make contracts, borrow money, pledge its assets, buy or sell land. 39 U.S.C.A. §§ 401(3)–(5), 2005(a), (b). Its employees may bargain collectively. 39 U.S.C.A. §§ 1201–08.

To say that the Postal Service carries on a governmental function and therefore is immune to garnishment ignores the language of *Burr* and the sweep of the Postal Service statute. Some interference with the performance of a governmental functional ways results when an agency is sued. Nevertheless, the Fourth Circuit has held that the Postal Service, unlike the federal government, may be charged post-judgment interest. *White v. Bloomberg*, 1974, 501 F.2d 1379. The court concluded that "in creating the Postal Service, Congress used the phrase 'sue and be sued' in its normal sense." Id. at 1386. The Tenth Circuit found that the Postal Service "is just as amenable to the judicial process as is a private enterprise." *Kennedy Electric Co. v. United States Postal Service*, 1974, 508 F.2d 954, 960. The institution of garnishment proceedings does not appear per se to impose a substantially greater burden. As Justice Douglas said in *Burr*, 60 S.Ct. at 492, the fact that liability to various legal proceedings may

"appreciably impede" the governmental function is a policy consideration that Congress presumably dealt with in passing the Act. Unless the kind of suit at issue presents a "grave," as opposed to "appreciable," interference with the operations of the Postal Service, it is as subject to garnishment as any other entity that has the capacity to be sued. The court is not prepared to conclude that garnishment presents a serious threat to the delivery of the mails without evidence on the issue. But that evidence must be presented; the issue cannot be assumed.

For these reasons the motion to dismiss is denied.