KANN CORPORATION, Plaintiff,

v.

Grace Eve MONROE, Defendant,

and

United States Postal Service,
Garnishee Defendant.

Civ. A. No. 76–1453.

United States District Court,
District of Columbia,
Civil Division.

Jan. 14, 1977.

Ronald S. Goldberg, Chevy Chase, Md., for plaintiff.

Sarah Willis Wilcox, Sp. Asst. U. S. Atty., Washington, D.C., for garnishee defendant.

### MEMORANDUM OPINION

JOHN H. PRATT, District Judge.

This case is here on removal from the Superior Court for the District of Columbia. Plaintiff has filed a post judgment writ of garnishment against the wages of defendant, an employee of the United States Postal Service. The Postal Service has moved to quash the writ, arguing that it is immune from such garnishments by reason of governmental immunity.

The question to be decided is: In enacting the Postal Reorganization Act, did Congress intend that the Postal Service be immune from garnishment of its employees' wages for their private debts? The question is one of statutory construction. *Keif-*

*er & Keifer v. Reconstruction Fin. Corp.,* 306 U.S. 381, 389, 59 S.Ct. 516, 83 L.Ed. 784 (1939).

The authorities are in conflict on this precise question. There are five reported decisions. In one, the United States Court of Appeals for the Seventh Circuit held that the Postal Service is not immune. *Standard Oil Div., Am. Oil Co. v. Starks,* 528 F.2d 201, 202 (7th Cir. 1975).[1] A federal district court held likewise in another reported decision. *Colonial Bank v. Broussard,* 403 F.Supp. 686, 687 (E.D.La.1975). Three other reported decisions of federal district courts, including one from this District, held that the Postal Service is immune. *Nolan v. Woodruff,* 68 F.R.D. 660 (D.D.C.1975); *Drs. Macht, Podore & Assocs., Inc. v. Girton,* 392 F.Supp. 66 (S.D. Ohio 1975); *Lawhorn v. Lawhorn,* 351 F.Supp. 1399 (S.D.W.Va.1972).[2] The parties have also cited us to 21 unreported decisions that they allege addressed the issue at bar. Of these 21 decisions, 14 allegedly held that the Postal Service is immune from garnishment of its employees' wages for their private debts, while 7 allegedly held to the contrary.

One member of this Court has written that the rule in this District is that the Postal Service is not subject to garnishment for the private debts of its employees, notwithstanding the contrary holding of the Seventh Circuit in *Starks. McLachlen Nat'l Bank v. Johnson,* Civil No. 76–2065 (D.D.C. Nov. 30, 1976) (Gesell, J.). After reviewing

the Postal Reorganization Act and its legislative history, we are inclined to agree with the members of this Court who announced and adhere to that rule.

In *FHA v. Burr,* 309 U.S. 242, 60 S.Ct. 488, 84 L.Ed. 724 (1940), the Supreme Court announced the rule that appears to be controlling here. The Court wrote that "when Congress establishes [a government corporation],[3] authorizes it to engage in commercial and business transactions with the public, and permits it to 'sue or be sued'," implied exceptions to the general authority to "sue or be sued" can only be found if certain specified circumstances are "clearly shown."

This Court need not determine whether the immunity claimed for the Postal Service satisfies one or more of the circumstances specified in *Burr,* for we are of the opinion that the Postal Service does not meet the standard necessary for those circumstances to be applicable. This Court does not believe the Postal Reorganization Act authorizes the Postal Service "to engage in commercial and business transactions with the public" as that phrase was used in *Burr.*

In another portion of the *Burr* opinion, the Court articulated the standard in different words: when Congress "launche[s] a governmental agency into the commercial world." 309 U.S. at 245, 60 S.Ct. at 490. We do not believe the Postal Service was "launched into the commercial world" in the sense that the Supreme Court used that

---

1. The Postal Service cites *Dennis v. Blount,* 497 F.2d 1305 (9th Cir. 1974), as an example of a case where a court of appeals considered the question and reached a conclusion contrary to that of the Seventh Circuit in *Starks.* While the court in *Dennis* did advert to the privilege enjoyed by Postal Service employees of being free from garnishment, 497 F.2d at 1308, its words cannot be considered more than dicta.

At least two other courts of appeals have considered the extent of the Postal Service's immunity from the judicial process in contexts other than garnishment of employees' wages for private debts. The Tenth Circuit wrote that the agency is "just as amenable to the judicial process as is a private enterprise." *Kennedy Elec. Co. v. USPS,* 508 F.2d 954, 957, 960 (10th Cir. 1974). The Fourth Circuit held that the

Postal Service is not immune from post-judgment interest because such interest is a "normal incident" of a suit for damages. *White v. Bloomberg,* 501 F.2d 1379, 1386 (4th Cir. 1974).

2. In *Detroit Window Cleaners Local 139 Ins. Fund v. Griffin,* 345 F.Supp. 1343 (E.D.Mich. 1972), it was held that the Postal Service is immune from garnishment of a contract debt.

3. The Postal Service is not a government corporation. The Fourth Circuit, however, has held that the rule of *Burr* is applicable "regardless of the structure or functions of the agency" in a Postal Service case. *White v. Bloomberg,* 501 F.2d 1379, 1386 (4th Cir. 1974). This conclusion is implicit in the Seventh Circuit's holding in *Starks. See* 528 F.2d at 202.

phrase. Another Judge of this Court has written, "Application of the *Burr* doctrine ignores the economic realities of the postal situation." *Commerce Investment Co., Inc. v. Davis,* Civil No. 76–1832 (D.D.C. Dec. 7, 1976) (Smith, J.).

Unlike the agencies at issue in *Burr* and the other cases cited by plaintiff, the Postal Service was not established to perform functions historically performed by private enterprise. Nor did Congress establish the Postal Service to compete with private enterprise. That the Postal Service may compete with private enterprise in limited products and services or in isolated areas of the country makes no difference. The dispositive question is the intent of Congress. The Postal Reorganization Act and its legislative history make it clear that the "basic function" of the Service is "to provide postal services to bind the Nation together through the personal, educational, literary, and business correspondence of the people." 39 U.S.C. § 101(a). The structure chosen to execute that function, *i. e.,* an "independent establishment of the executive branch of the Government," *id.* § 201, is similarly not dispositive. The legislative history of the Act makes it clear that Congress chose this structure merely to allow the Postal Service to adopt "modern management and business practices," H.R.Rep. No. 1104, 91st Cong., 2d Sess. 2 (1970), U.S.Code Cong. & Admin.News 1970, p. 3649, not to "launch an agency into the commercial world."

Having concluded that the Postal Service is not an agency "launched into the commercial world" in the sense of *FHA v. Burr,* this Court need not determine the precise limits of the immunity waived by Congress when it authorized the Postal Service to "sue or be sued." It is sufficient to decide that Congress did not intend that the Service be subject to garnishment for the private debts of its employees, just like other agencies within the executive branch of Government. Garnishment proceedings of this type do not relate to the purpose or function of the agency established by the Postal Reorganization Act.

An Order consistent with this Memorandum Opinion has been entered this date.

### ORDER

Upon consideration of defendant's motion to quash the writ of attachment and plaintiff's opposition thereto, and it appearing that defendant's motion has merit, it is this 14th day of January 1977,

ORDERED that the motion to quash the writ of attachment is granted and the case remanded to the Superior Court for the District of Columbia.