**BANK OF VIRGINIA, t/a Master Charge, Plaintiff,**

v.

**William N. TOMPKINS et al., Defendants.**

Civ. A. No. 77–0133–R.

United States District Court,
E. D. Virginia,
Richmond Division.

May 13, 1977.

Charles H. Cuthbert, Jr., Hunton & Williams, Richmond, Va., for plaintiff.

Raymond A. Carpenter, Asst. U. S. Atty., Richmond, Va., for defendants.

## MEMORANDUM

MERHIGE, District Judge.

Bank of Virginia (hereinafter "Bank") instituted garnishment proceedings in state court against William Tompkins, for the purpose of satisfying a judgment previously secured against him. The United States Postal Service (hereinafter "Postal Service") was named as garnishee in the summons. The Postal Service filed a petition to remove the garnishment proceedings from the state court and a motion to quash the garnishment. The motion to quash[1] has been responded to by the Bank, and, accordingly, is ripe for disposition.

The issues to be decided are whether the Postal Service is immune from garnishment procedures to effect state court judgments and, if not, whether the appropriate procedure to accomplish such garnishment has been followed.

While there are decisions to the contra,[2] the Court finds persuasive those cases holding that the Postal Service is not immune from garnishment procedures to effect state judgments. *See May Department Stores Co. v. Williamson*, 549 F.2d 1147 (8th Cir. 1977); *Standard Oil Division, American Oil Co. v. Starks*, 528 F.2d 201 (7th Cir. 1975); *United Virginia Bank/National v. Eaves*, 416 F.Supp. 518 (E.D.Va. 1976); *Iowa-Des Moines National Bank v.*

*United States*, 414 F.Supp. 1393 (S.D.Iowa 1976). A brief summary of the principles laid out in the foregoing cases in support of the Court's conclusion in the instant case is appropriate.

The Postal Reorganization Act of 1970, Public Law 91-375, 84 Stat. 720, 39 U.S.C. § 101 *et seq.*, authorizes the Postal Service, among other things, "to sue and be sued in its official name." 39 U.S.C. § 401(1). The phrase " 'sue and be sued' normally includes the natural and appropriate incidence of legal proceedings." *R.F.C. v. J. G. Meniham Corp.*, 312 U.S. 81, 85, 61 S.Ct. 485, 487, 85 L.Ed. 595 (1941). The Supreme Court has specifically held that the "sue and be sued" language "embraces all civil process incident to the commencement or continuance of legal proceedings. Garnishment and attachment commonly are part and parcel of the process, provided by statute, for the collection of debts." *F.H.A. v. Burr*, 309 U.S. 242, 245–246, 60 S.Ct. 488, 490, 84 L.Ed. 724 (1940) (footnotes omitted). *See also Keifer & Keifer v. F.R.C.*, 306 U.S. 381, 388, 59 S.Ct. 516, 83 L.Ed. 784 (1939). Thus, "in absence of special circumstances, we assume that when Congress authorized federal instrumentalities of the type here involved to 'sue and be sued' it used those words in their usual and ordinary sense," which include garnishments. *F.H.A. v. Burr, supra*, 309 U.S. at 246, 60 S.Ct. at 491 (footnote omitted). Important to the Court's reasoning in *F.H.A. v. Burr*, was the conclusion that Congress had "launched a governmental agency into the commercial world" and, having done so, made the agency "not less amenable to judicial process than a private enterprise under like circumstances would be." *F.H.A. v. Burr, supra*, 309 U.S. at 245, 60 S.Ct. at 490. The same

---

1. The plaintiff suggests in its memorandum in opposition to the defendants' motion to quash the subpoena that this action was not properly removable. No motion to remand has been filed and the Postal Service has not responded to this contention. Accordingly, the Court does not deem the matter ripe at this time. *Compare United Virginia Bank/National v. Eaves*, 416 F.Supp. 518, 519 (E.D.Va.1976) (action is removable) *with Armstrong Cover Co. v.*

*Whitfield*, 418 F.Supp. 972 (N.D.Ga.1976) (action is not removable).

2. *See, e. g., Drs. Macht, Podore & Associates, Inc. v. Girton*, 392 F.Supp. 66 (S.D.Ohio 1975); *Lawhorn v. Lawhorn*, 351 F.Supp. 1399 (S.D. W.Va.1972); *Detroit Window Cleaners Local 139 Insurance Fund v. Griffin*, 345 F.Supp. 1343 (E.D.Mich.1972).

considerations, as hereinafter discussed, are applicable to the Postal Service. It should also be noted that the United States Court of Appeals for the Fourth Circuit has liberally construed the "sue and be sued" language of the Postal Reorganization Act so as to subject that agency to post-judgment interest. *White v. Bloomberg,* 501 F.2d 1379, 1386 (4th Cir. 1974). This view of the Act further supports the Court's conclusion that the Postal Service may be a party to garnishment procedures.

The Court is satisfied that the legislative history of the Postal Reorganization Act[3] and the power that Act confers upon the Postal Service[4] supports the conclusion reached by several courts that Congress has "launched the [Postal Service] into the commercial world" within the meaning of *F.H.A. v. Burr, supra,* 309 U.S. at 245, 60 S.Ct. at 490. Thus, the Court is not moved by the argument that garnishment procedures are inconsistent with the statutory scheme for the Postal Service or would gravely interfere with the governmental function. The contention that garnishments would disrupt the administration of an agency's business was rejected in *F.H.A. v. Burr, supra,* 309 U.S. at 249, 60 S.Ct. 488, and is equally unpersuasive here. *See Standard Oil Division, American Oil Co. v. Starks, supra,* 528 F.2d at 204; *United Virginia Bank/National v. Eaves, supra,* 416 F.Supp. at 521–522.

The Court is likewise unpersuaded by the contention that 42 U.S.C. § 659[5] somehow impliedly removes garnishment procedures from the "sue and be sued" clause of 39 U.S.C. § 401(1). There are two express limitations placed upon the Postal Service's waiver of sovereign immunity, neither of which involve garnishment.[6] Congress has demonstrated its ability to preclude the garnishing of federal employee wages but has not done so in this instance. *See, e.g.,* 20 U.S.C. § 1132c–2(b)(2) (Commissioner of Education); 15 U.S.C. § 634(b)(1) (Small Business Administrator). Accordingly, the Court concludes that the waiver of sovereign immunity contained in 39 U.S.C. § 401(1), given its usual connotation, includes consent to garnishment procedures.

■ The final contention advanced by the Postal Service is that garnishment summons must be quashed because process has not been served in accordance with 28 U.S.C. § 2410(b). That statute prescribes the manner in which process should be served in actions which affect property on which the United States claims a lien. That statute, in the Court's view, is not applicable to the instant case. The plaintiff fully complied with the procedure set out in Virginia Code Annot. § 8–441.3 (1976 Supp.) for garnishing wages of a federal employee.

An appropriate order will issue.

### ORDER

For the reasons stated in the Memorandum of the Court this day filed and deem-

---

**3.** 1970 U.S.Code Cong. & Admin.News, pp. 3649, 3660 (1970). The history is discussed in detail in *United Virginia Bank/National v. Eaves, supra,* 416 F.Supp. at 520–522.

**4.** The United States Court of Appeals for the Eighth Circuit, after reviewing the powers conferred upon the Postal Service and the legislative history, considered the conclusion that Congress had launched the Postal Service into the commercial world to be "inescapable." *May Department Stores Co. v. Williamson, supra.* See also *United Virginia Bank/National v. Eaves, supra.*

**5.** The statute authorized the garnishment of wages of federal employees to satisfy child support or alimony obligations. The Postal Service maintains that its inclusion in 42 U.S.C. § 659 and the fact that 42 U.S.C. § 659 antedates the Postal Reorganization Act reflects

that Congress did not intend garnishments to lie within the "sue or be sued" language of the Postal Reorganization Act. As noted by Judge Clarke of this District, 42 U.S.C. § 659 does not purport to be the exclusive provision concerning garnishments. More importantly, the defendants' contention is inconsistent with the Supreme Court decision in *F.H.A. v. Burr, supra,* to the effect that the phrase "sue and be sued" includes garnishment actions unless otherwise excluded. *See United Virginia Bank/National v. Eaves, supra,* 416 F.Supp. at 522.

**6.** Restrictions are placed on the consent to be sued with regard to certain procedural matters and the applicability of the Federal Tort Claims Act. 39 U.S.C. § 409.

ing it proper so to do, it is ADJUDGED AND ORDERED that the defendants' motion to quash the summons be, and the same is hereby, denied.

Let the Clerk send a copy of this Order and the accompanying Memorandum to all counsel of record.