**LINCOLN NATIONAL BANK AND TRUST COMPANY OF NEW YORK, Plaintiff,**

v.

**Phillip MAROTTA, Defendant.**

**SYRACUSE VENDING CO., INC., Plaintiff,**

v.

**Edward T. MANEY, Defendant.**

**Nos. 76–CV–260, 77–CV–01.**

United States District Court, N. D. New York.

Dec. 14, 1977.

**50**

Charles S. Edwards, Syracuse, N. Y., for plaintiff Lincoln Nat. Bank & Trust Co. of New York.

Donald N. Fitzer, Bridgeport, N. Y., for plaintiff Syracuse Vending Co., Inc.

Paul V. French, U. S. Atty., Syracuse, N. Y., for defendants; Gustave J. DiBianco, Asst. U. S. Atty., of counsel.

## MEMORANDUM–DECISION AND ORDER

MUNSON, District Judge.

These two companion cases involve attempts by the plaintiffs, state court judgment creditors, to satisfy their judgments by garnisheeing the wages of the defendants below, both of whom are employees of the United States Postal Service. The Government has moved, before this Court, to quash income executions issued on behalf of the two plaintiffs. The sole issue to be determined, for purposes of this motion, is whether the doctrine of sovereign immunity prevents the garnishment of wages of Postal Service employees.

Historically, the wages of governmental agency employees have been considered to be exempt from garnishment on the basis of sovereign immunity. See, e. g. *Buchanan v. Alexander*, 45 U.S. (4 Howard) 20, 11 L.Ed. 857 (1846). In more recent times,·

however, sovereign immunity has been regarded with substantial disfavor. Consequently, Congressionally conferred waivers of sovereign immunity, and in particular authorizations to sue and be sued,[1] have been interpreted in several instances as allowing for the garnishment of wages paid to employees of those agencies. See, e. g., *R.F.C. v. Menihan Corp.*, 312 U.S. 81, 61 S.Ct. 485, 85 L.Ed. 595 (1941); *F.H.A. v. Burr*, 309 U.S. 242, 60 S.Ct. 488, 84 L.Ed. 724 (1940); *Keifer & Keifer v. R.F.C.*, 306 U.S. 381, 59 S.Ct. 516, 83 L.Ed. 784 (1939).

One of the powers specifically conferred upon the United States Postal Service by Congress in the Postal Reorganization Act of 1970, is the power to sue and be sued. 39 U.S.C. § 401(1). The Supreme Court, in its opinion in *Burr*, indicated that such a sue and be sued clause should be liberally interpreted, and that limitations and exceptions to that power should be implied only when (1) it is necessary to avoid grave interference with a governmental function, (2) the type of suit in issue is not consistent with the statutory or constitutional scheme with regard to the agency, or (3) Congress has manifested a clear intention that the clause be interpreted in a narrow sense. *F.H.A. v. Burr, supra*, 309 U.S. at 245, 60 S.Ct. 488; *May Dept. Stores Co. v. Williamson*, 549 F.2d 1147 (8th Cir. 1977).

Of the various courts which have attempted to apply the aforementioned principles to the Postal Service, and in particular to situations such as that at bar, roughly half have found that Postal Service employees' wages may be garnisheed, with the remainder of them ·holding to contrary. Compare *Goodman's Furniture Company v. U.S. Postal Service*, 561 F.2d 462 (3d Cir. 1977); *May Dept. Stores Co. v. Williamson, supra; Standard Oil Div., American Oil Co. v. Starks*, 528 F.2d 201 (7th Cir. 1975) (per curiam); *United Virginia Bank/National v. Eaves*, 416 F.Supp. 518 (E.D.Va.1976); *Iowa-Des Moines Nat. Bank v. United States*, 414 F.Supp. 1393 (S.D.Iowa 1976)

---

1. For some examples of such clauses, see: 15 U.S.C. § 634(b)(1) (Small Business Administration); 38 U.S.C. § 1820(a)(1) (Veterans' Administration); 12 U.S.C. § 341 (Federal Reserve Banks); and 20 U.S.C. § 1132c–2(b)(2) (Commissioner of Education).

(all finding that such wages can be garnisheed), with *Kann Corporation v. Monroe*, 425 F.Supp. 169 (D.D.C.1977); *European Health Spa, Inc. v. Dandridge* (E.D.Va.1977, Civil Action No. 76–956–A); *Government Employees Financial Corporation v. Petitt* (E.D.Va.1977, Civil Action No. 77–68–A); *Drs. Macht, Podore & Associates, Inc. v. Girton*, 392 F.Supp. 66 (S.D.Ohio 1975); *Nolan v. Woodruff*, 68 F.R.D. 660 (D.D.C. 1975); *Lawhorn v. Lawhorn*, 351 F.Supp. 1399 (S.D.W.Va.1972); *Detroit Window Cleaners Loc. 139 Ins. Fund v. Griffin*, 345 F.Supp. 1343 (E.D.Mich.1972) (all finding such garnishment to be barred by sovereign immunity); see also *Colonial Bank v. Broussard*, 403 F.Supp. 686 (E.D.La.1975) (court not willing to hold sovereign immunity applicable as a matter of law until evidence could be presented on the issue of grave interference with a governmental function); *Kennedy Elec. Co., Inc. v. United States Postal Service*, 508 F.2d 954 (10th Cir. 1974) (no Congressional intent to emasculate the sue or be sued clause with respect to the Postal Service); *White v. Bloomberg*, 501 F.2d 1379 (4th Cir. 1974) (Postal Service required to pay interest on its judgment debts—sue or be sued clause limited only as expressly indicated in 39 U.S.C. § 409(b & c)); *In re Townsend*, 348 F.Supp. 1284 (W.D.Mo.1972) (*Burr* rule applicable to Veterans Administration).

This Court concurs in the result reached by the Third, Fourth, Seventh, Eighth and Tenth Circuit Courts of Appeals, finding that the sue and be sued clause contained within the Postal Reorganization Act, 39 U.S.C. § 401(1), is not subject to any implied reservations. To arrive at this conclusion, the Court does not rely upon the fact that Congress has launched the Postal Service into the commercial world as a businesslike venture, although other courts have found this fact to be determinative of the issue in this motion. See *Standard Oil Div., American Oil Co. v. Starks, supra;* see 39 U.S.C. §§ 101, 201, and 401; 1970 United States Code Congressional & Administrative News pp. 3649 et seq. The most telling factor, it would seem, is that the sue and be sued clause was added as a part of the 1970

reorganization of the Post Office, well after the Supreme Court's decision in *Burr*. Had Congress intended the clause to be subject to any exceptions or reservations, it could well have said so. Noteworthy in this regard is the fact that two exceptions, not relevant to this case, to the sue and be sued clause were expressly carved out in the Postal Reorganization Act. See 39 U.S.C. § 409(b & c). This Court believes that Congress, by explicitly setting forth these exceptions, manifested a clear intention that the sue and be sued clause be accorded its literal, everyday meaning. *White v. Bloomberg, supra*. Moreover, this Court does not consider the Postal Service power to sue and be sued to fall within any of the three categories of *Burr* which might mandate an implied reservation.

This Court therefore finds that the Postal Service employees, defendants below, may be subject to garnishment of their wages by the plaintiffs, state court judgment creditors. The Government's motion to quash plaintiffs' income executions is accordingly denied.

It is so ordered.