Thomas J. BATA

v.

CENTRAL-PENN NATIONAL BANK
OF PHILADELPHIA
and

Jan A. Bata.
Civ. A. No. 33961.

United States District Court
E. D. Pennsylvania.

Nov. 1, 1963.

Lewis H. Van Dusen, Jr., of Drinker, Biddle & Reath, Philadelphia, Pa., George M. Brodhead, of Rawle & Henderson, Philadelphia, Pa., for Central-Penn National Bank of Philadelphia.

Harold E. Stassen of Stassen, Kephart, Sarkis & Scullin, Philadelphia, Pa., for Jan A. Bata. Peaslee, Brigham, Albrecht, & McMahon, New York City, of counsel.

JOSEPH S. LORD, III, District Judge.

On March 27, 1962, attorneys for Thomas J. Bata, a Canadian citizen, and attorneys for Jan A. Bata, a citizen of Brazil, executed an escrow agreement. This agreement was one segment of a comprehensive agreement settling conflicting claims of Thomas and Jan. Central-Penn National Bank was selected by the parties as the escrow agent.

The comprehensive settlement agreement consisted of payment by Thomas to Jan of $3,400,000 in exchange for share certificates and documents delivered by Jan A. Bata. The parties agreed that interpretation of the settlement agreement would be governed by the laws of the Commonwealth of Pennsylvania.

Under the escrow letter Thomas' attorneys deposited $500,000 with Central-Penn to be held for Jan Bata as a portion of the $3,400,000 in cash paid by Thomas to Jan under the comprehensive settlement agreement. Jan Bata delivered to the escrow stock certificates of the British Bata Shoe Company, Ltd., and certain letters. After an order of the High Court of Justice in London concluding litigation pending in that court was obtained and bearer shares of the corporation Nederlandshe Schoen-en-Lederfabrihen Bata Best N. V. of the Netherlands (Dutch Bata) were registered, the $500,000 in cash was to be delivered to Jan Bata and the documents were to be delivered to Thomas Bata's attorneys.

Plaintiff instituted suit in the Philadelphia Court of Common Pleas joining Jan Bata and Central-Penn as defendants. The complaint alleges that plaintiff has performed all obligations capable of performance without the cooperation of Jan, but that Jan wrongfully refused to cooperate in obtaining an order from the High Court of Justice in London and to take the necessary steps to permit registration of the bearer shares of the Dutch Bata company. The cause of action is plaintiff's claim of right to immediate delivery to him of the documents in escrow based on the defendant's alleged wrongful prevention of the fulfillment of the terms of the escrow agreement.

Defendants Central-Penn and Jan A. Bata filed a joint petition for removal based upon 12 U.S.C. § 632. Title 12 of the United States Code relates to banks and banking. Section 632 is a part of a chapter which pertains to foreign banking and provides in part as follows:

"Notwithstanding any other provision of law, all suits of a civil nature at common law or in equity to which any corporation organized under the laws of the United States shall be a party, arising out of trans-

actions involving international or foreign banking, \* \* \* or out of other international or foreign financial operations, \* \* \* shall be deemed to arise under the laws of the United States, and the district courts of the United States shall have original jurisdiction of all such suits; and any defendant in any such suit may, at any time before the trial thereof, remove such suits from a State court into the district court of the United States for the proper district by following the procedure for the removal of causes otherwise provided by law. \* \* \* "

We have before us plaintiff's motion to remand to the Court of Common Pleas. Plaintiff has urged several reasons supporting his claim that § 632 does not give this court jurisdiction. Our treatment of one of these will be dispositive of the motion.

Plaintiff argues, inter alia, that in order to be a "party" within the meaning of § 632 the national bank must be more than a formal party, and that Central-Penn is only a stakeholder.

Defendants argue that the bank has some sort of an interest in the contractual obligation of the escrow agreement. We cannot agree. Central-Penn, as escrow, is nothing more than a disinterested stakeholder. In Security Trust & Savings Bank v. Carlsen, 205 Cal. 309, 271 P. 100, 60 A.L.R. 630 (1928), an interpleader action, the Supreme Court of California defined the position of an escrow bank. The court said, at pages 102–103 of 271 P.:

"\* \* \* It is insisted, however, that the escrow holder is not a mere stakeholder, but has an interest in the transaction, and a legal duty to perform in connection therewith; \* \* \*

\* \* \*

"\* \* \* the bank assumed certain obligations by virtue of the provisions of said escrow instruction. These obligations were principally to pay the money and deliver the documents deposited with it to the respective parties entitled thereto whenever all the conditions of such payment and delivery had been complied with in the manner set forth in the escrow. The fact that the bank had bound itself to perform these obligations did not necessarily prevent it from availing itself of the section of the Code providing for a suit in interpleader. In general, every mere stakeholder has assumed some obligation to those interested or owning the property held by him. His obligation is to deliver the property held by him to the party entitled thereto. But, when a disagreement arises as to the ownership of said property, the holder thereof has not obligated himself to settle said disagreement and deliver the property to either of said parties in the face of conflicting claims thereto. He may do so, but, in case he does act, he does so at his peril, and, if he delivers the property to one not legally entitled thereto, the legal owner thereof may hold him responsible in damages for such wrongful delivery. No one questions the right of a mere stakeholder to avail himself of the relief afforded by section 386 of the Code of Civil Procedure, and to institute an action in interpleader and compel the parties claiming the property held by him to litigate in such action their respective claims thereto, notwithstanding the obligation of the stakeholder to deliver the property to the rightful owner. The bank in this action stands in no different position than that of an ordinary stakeholder."

The relationship among the parties in the present case is no different in substance from that in Chase Nat. Bank v. Directorate General of Postal Remittances & Sav. Bank, 95 F.Supp. 733 (S.D. N.Y., 1951). There, the national bank brought an interpleader action in a state court against parties laying claim to certain deposits. The state court di-

rected that the funds be credited to the action and that the bank be released from liability. The action was subsequently removed to the federal district court. On the motion for remand the court held that since the bank was no longer liable to any of the parties, it was not a party within the meaning of § 632.

The procedural context of the present case is somewhat different because here the bank along with the real party in interest was sued as a defendant.

This is only a mechanical difference and not one of substance. The doors of the federal courts cannot be hinged on such distinctions.

The bank in the present case has no interest in the outcome of the suit. Indeed, at the trial of the case its counsel's only problem will be to decide at which table to sit. The decision on the merits will be binding upon the real parties in interest, not affecting the bank's position.

We cannot hold that Congress intended to enlarge the closely guarded jurisdiction of federal courts to bring within it the present controversy simply because of the tenuous connection of Central-Penn with the present suit.

Travis v. National City Bank of New York, 23 F.Supp. 363 (E.D.N.Y., 1938) relied upon by defendants is clearly distinguishable. There suit was brought against the national bank for breach of trust. In that case, a successful suit would have imposed a liability upon the bank itself which would have had to be met out of the bank's own assets. Here, no such potential liability is in any way suggested. Central-Penn occupies the traditional role of an escrow stakeholder, and as such is not a "party" within the meaning of § 632 of Title 12.

### ORDER

AND NOW, November 1, 1963, it is ordered that plaintiff's motion to remand is granted, and the case is remanded to the Court of Common Pleas No. 3 of Philadelphia County.