**ABERLE HOSIERY COMPANY**

v.

**AMERICAN ARBITRATION ASSOCIATION and Speizman Industries, Incorporated.**

**Civ. A. No. 71–1227.**

United States District Court,
E. D. Pennsylvania.

Jan. 12, 1972.

David E. Thomas, Paul Matzko, Raspin, Espenshade, Heins & Erskine, Philadelphia, Pa., for plaintiff.

Edward R. Murphy, Marshall, Dennehey & Warner, Philadelphia, Pa., for defendants.

## OPINION AND ORDER

HAROLD K. WOOD, District Judge.

The instant action arises out of an arbitration clause in a purchase order between plaintiff, Aberle Hosiery Company (Aberle) and defendant, Speizman Industries, Incorporated (Speizman). Aberle is a Pennsylvania corporation and Speizman is incorporated in the state of North Carolina. On November 6, 1970 the parties entered into an agreement whereby Aberle would buy and Speizman would sell 75 industrial knitting machines. Item 14 of the purchase order provided as follows:

"Any dispute or claim arising out of or relating to the foregoing order shall be submitted to arbitration under the rules then existing of the American Arbitration Association, and the parties hereto agree to abide by the award as rendered."

Thereafter Aberle refused to take delivery of the machines. On March 5, 1971 Speizman filed a written demand for arbitration. On March 17 and April 2 Aberle served written notice to Speizman and the American Arbitration Association of its objection to any arbitration proceedings and its conclusion that the arbitration clause in the purchase order did not provide a basis for arbitration of the dispute between the parties. The American Arbitration Association took the position that it could not, as an administrative agency, determine whether the matter was arbitrable and that it would continue to process the claim for arbitration until such time as Speizman was stayed by Court order.

On May 6, 1971 Aberle instituted suit in the Court of Common Pleas of Philadelphia County to enjoin Speizman from proceeding with its claim for arbitration, to enjoin the Association from processing Speizman's claim, to obtain a declaratory judgment declaring the purchase order between the parties void and

unenforceable in arbitration or otherwise, and to recover $50,000 deposited with Speizman by Aberle and retained by Speizman. Speizman removed the action to this Court pursuant to 28 U.S.C. § 1441 and moved to compel arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. § 4.

Before determining whether the dispute between the parties is arbitrable, we must adjudicate two preliminary matters. Aberle has moved to remand the matter to the state courts, contending that there is neither federal question nor diversity jurisdiction. In addition Aberle has moved to dismiss Speizman's motion to compel arbitration on the ground that Speizman is an unregistered foreign corporation doing business in Pennsylvania and, as such, it may not bring suit.

■ For reasons hereinafter stated, we conclude that Aberle's motion to remand this action to the Philadelphia County Court of Common Pleas must be denied. Aberle contends that there is a lack of complete diversity of citizenship in that both it and defendant American Arbitration Association are citizens of Pennsylvania. Speizman contends, however, that the Association is not an indispensible party to this action and should not be considered in determining diversity jurisdiction. We agree.

■ The presence of nominal or formal or unnecessary parties has no controlling significance for removal purposes. Bradley v. Maryland Cas. Co., 382 F.2d 415 (8th Cir. 1967). The joinder of such parties cannot prevent removal of an action to a Federal Court. Nunn v. Feltinton, 294 F.2d 450 (5th Cir. 1961), cert. den. 369 U.S. 817, 82 S. Ct. 829, 7 L.Ed.2d 784 (1962). The American Arbitration Association is such an unnecessary party. Clearly it has no interest in the subject matter of this action. Moreover the relief which Aberle seeks can be granted without joinder of the Association as a defendant. If Speizman is enjoined from proceeding with arbitration, then obviously the matter will not be arbitrated. Aberle itself has presented to the Court a letter from the Association, stating that it will continue to process Speizman's claim only until such time as Speizman is enjoined by the Courts from proceeding further. Accordingly we find that as the Association is an unnecessary party and diversity of citizenship exists between the real parties in interest, the case has been properly removed to this Court.

■ We also disagree with Aberle's contention that Speizman, as an unregistered foreign corporation doing business in Pennsylvania, is precluded from moving to compel arbitration. Pennsylvania law provides that a foreign corporation transacting business within the Commonwealth without a certificate of authority may not maintain any action in any Court of the Commonwealth. 15 P. S. § 2014. This preclusion, if applicable to Speizman, would preclude it from maintaining an action in federal as well as state court. Woods v. Interstate Realty Co., 337 U.S. 535, 69 S.Ct. 1235, 93 L.Ed. 1524 (1949).

■ In this case, however, Speizman has not instituted an action but rather has asserted a counterclaim. The weight of authority in states having provisions similar to those of 15 P.S. § 2014 is that the statutory bar to an unregistered corporation's maintaining an action does not preclude it from asserting a counterclaim arising out of the subject matter of a plaintiff's suit. The only Pennsylvania case on point which we have found is in accord. Delaney v. M & O Coal Co., 38 North. 226 (1968). Therefore we hold that Pennsylvania's restriction on the right of unregistered corporations to maintain actions does not prevent Speizman from moving to compel arbitration.

In the light of the foregoing, we conclude that Speizman's motion to compel arbitration can be adjudicated by this Court.

In opposition to Speizman's motion, Aberle has stated several reasons why

Speizman should not be allowed to proceed to arbitration. Aberle has requested a jury trial on the question of whether the dispute is arbitrable.

[5, 6] Under the Arbitration Act, the Court must determine whether a genuine issue exists as to "the making of the agreement for arbitration." 9 U.S.C. § 4. If there is no genuine issue as to the making of the agreement, the Court shall order the parties to proceed to arbitration. However, if the making of the agreement is in real dispute, the Court must order a trial of the issue. Tubos De Acero De Mexico, S. A. v. Dynamic Shipping, Inc., 249 F.Supp. 583, 587 (S.D.N.Y.1966). Although in the pleadings Aberle has not demonstrated that a genuine issue exists as to the making of an arbitration agreement, we believe that it should be given an opportunity to do so at an evidentiary hearing.[1] If such an issue is found to exist, the matter will then be submitted to a jury.

---

[1]. See Almacenes Fernandez, S.A. v. Golodetz, 148 F.2d 625 (2nd Cir. 1945), Tubos De Acero De Mexico, S.A., supra for a discussion of the standard of proof necessary to establish a genuine issue as to the making of an arbitration agreement.