**ABERLE HOSIERY COMPANY,**
Appellant,

v.

**AMERICAN ARBITRATION ASSOCIA-
TION and Speizman Industries,**
Incorporated.

No. 72–1222.

United States Court of Appeals,
Third Circuit.

Submitted May 1, 1972.

Decided May 24, 1972.

David E. Thomas, Erskine, Wolfson, Matzko & Pierson, Philadelphia, for appellant.

Edward R. Murphy, Marshall, Dennehey & Warner, Philadelphia, for appellees.

Before VAN DUSEN, GIBBONS and JAMES ROSEN, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

This matter is before us on the motion of the appellant "to determine propriety of appeal" and on the cross motion of the appellee to dismiss the appeal for lack of jurisdiction. The order appealed from, 337 F.Supp. 90, provides:

> "AND NOW, this 12th day of January, 1972, IT IS ORDERED that plaintiff's motion to remand the above-captioned matter to the Court of Common Pleas of Philadelphia County is DENIED; plaintiff's motion to dismiss defendant Speizman Industries, Incorporated's petition to compel arbitration is DENIED.
>
> All other motions will be held in abeyance pending an evidentiary hearing by the Court as to whether a genuine issue exists as to the making of the arbitration agreement."

The appellant, Aberle Hosiery Company, is the plaintiff in the district court. Its suit, which was removed from the Court of Common Pleas, seeks an injunction against an arbitration proceeding on the ground that there is no agreement to arbitrate. The "petition" of the appellee, Speizman Industries, Inc. (Speizman), is actually a counterclaim to compel arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. § 4. The motion to dismiss the counterclaim adjudicated nothing more than the existence of a material fact issue as to the existence of an agreement to arbitrate.

A previous order of the district court, dated August 4, 1971, enjoined Speizman from proceeding with arbitration until the further order of the district court. Possibly that order might have been appealable under 28 U.S.C. § 1292(a) (1). *See* Kirschner v. West Co., 300 F.2d 133, 134 (3d Cir. 1962) and the cases therein discussed. But Speizman did not appeal the August 4, 1971 order.

The only order before us is in every respect interlocutory. It decides nothing on the issue of arbitrability of the dispute, and does not deal with a stay of proceedings. It cannot be construed as an injunctive order within the meaning of Kirschner v. West Co., *supra*. We lack jurisdiction. The appeal will be dismissed.