**ARMSTRONG COVER COMPANY**

v.

**Shirley C. WHITFIELD**

U. S. Postal Service, Garnishee.

Civ. No. C76–795A.

United States District Court,
N. D. Georgia,
Atlanta Division.

July 29, 1976.

Lucian Lamar Sneed, Decatur, Ga., for plaintiff.

Julian M. Longley, Jr., Asst. U. S. Atty., Atlanta, Ga., for garnishee.

ORDER

O'KELLEY, District Judge.

In 1970, Congress created, "as an independent establishment of the executive branch of the Government of the United States, the United States Postal Service." 39 U.S.C. § 201; 39 U.S.C. § 101 *et seq.* Among the powers and responsibilities which Congress bestowed upon its new creation was the power "to sue and be sued in its official name . . . ." 39 U.S.C. § 401(1). This lawsuit is an attempt on the plaintiff's part to avail itself of this power.

The plaintiff, a judgment creditor of defendant Whitfield, is attempting to garnishee her employer, the Postal Service, in order to effectuate the judgment. The Postal Service has filed a petition to remove the case to this court, alleging removal jurisdiction under 28 U.S.C. § 1441(b) and 39 U.S.C. § 409(a).[1] Presently pending before

---

1. There is no attempt to predicate jurisdiction on 28 U.S.C. § 1442, which, in view of this court's recent decision in *West v. West*, 402 F.Supp. 1189 (N.D.Ga.1975), would have proved unsuccessful.

the court is the Postal Service's motion to quash the summons of garnishment in support of which the garnishee contends it is immune from garnishment proceedings.[2]

■ The parties contend that there are two basic issues which the court must resolve: (1) whether the court has removal jurisdiction over a garnishment proceeding in which the United States Postal Service is the garnishee; and (2) if so, whether the United States Postal Service is subject to the garnishment proceedings. Without reaching either the jurisdictional or immunity question, this court concludes that the case was improperly removed and must be remanded to the state courts.

The jurisdiction of the federal district courts over suits brought by or against the United States Postal Service is outlined in 39 U.S.C. § 409(a), which provides in pertinent part:

> [T]he United States district courts shall have original but not exclusive jurisdiction over all actions brought by or against the Postal Service. Any action brought in a State court to which the Postal Service is a party may be removed to the appropriate United States district court under the provisions of chapter 89 of title 28.

For present purposes, the decisive portion of section 409(a) is that part which requires one seeking the removal of a case to which the Postal Service is a party to comply with the removal procedure of 28 U.S.C. ch. 89.[3] One of the fundamental provisions of that chapter, and the one which is critical to the resolution of this case, is that only defendants can remove. *Chicago, Rock Island & Pacific R. R. v. Stude*, 346 U.S. 574, 74 S.Ct. 290, 98 L.Ed. 317 (1954). The question presented here, then, is whether, in the circumstances of this case, the United States Postal Service is a "defendant" who is entitled to remove.

■ It must be emphasized initially that the resolution of this question does not turn on the designation assigned the Postal Service by either the parties or the court in the state proceedings. Rather, this court must look beyond the pleadings and examine the petitioning party's real interest in the dispute. *See Dawson v. Columbia Avenue Saving Fund, Safe Deposit, Title & Trust Co.*, 197 U.S. 178, 25 S.Ct. 420, 49 L.Ed. 713 (1905). As the Supreme Court, in *Indianapolis v. Chase National Bank*, 314 U.S. 63, 69, 62 S.Ct. 15, 17, 86 L.Ed. 47 (1941), so aptly stated: "Litigation is the pursuit of practical ends, not a game of chess."

The court has been unable to find any significant amount of precedent to guide its decision on the question before it. The cases cited in footnote 2, *supra*, are of little assistance as none of them even discussed

**2.** There is a split of authority on this question. Among those decisions holding that the Postal Service is subject to garnishment are *Standard Oil Division, American Oil Co. v. Starks*, 528 F.2d 201 (7th Cir. 1975), and *Colonial Bank v. Broussard*, 403 F.Supp. 686 (E.D.La.1975). Contra decisions include *Drs. Macht, Podore & Associates, Inc. v. Girton*, 392 F.Supp. 66 (S.D. Ohio 1975); *Lawhorn v. Lawhorn*, 351 F.Supp. 1399 (S.D.W.Va.1972); *Detroit Window Cleaners Local 139 Insurance Fund v. Griffin*, 345 F.Supp. 1343 (E.D.Mich.1972).

**3.** This conclusion does not conflict with the decision of the Second Circuit in *Federal Deposit Insurance Co. v. Andersen*, 532 F.2d 842 (2d Cir. 1976), in which the court held that the FDIC could remove a case even though it was not a defendant in the state court action as is normally required by section 1446. The court reasoned that 12 U.S.C. § 1819 not only provided for the jurisdiction of the federal courts but also dictated "who" could remove. The court construed the statement in 12 U.S.C. § 1819 that the action may be removed "by following any procedure for removal now or hereafter in effect," as referring solely to "the mechanical portions of 28 U.S.C. § 1446(a)." While it could be argued that the *Andersen* case supports a narrow reading of the final clause of 39 U.S.C. § 409(a), a comparison of the two statutes reveals that Congress in 12 U.S.C. § 1819 explicitly provided the FDIC with the right to remove while no such provision is included in section 409(a). To use the rationale of the Second Circuit in *Andersen*, if Congress had wanted to allow the United States Postal Service to remove without following established removal procedures, including the requirement of "who" is entitled to petition for removal, it "knew full well" how to do so.

the matter, and the fact that the courts assumed jurisdiction certainly cannot be construed as a decision on the issue. Some assistance, however, is gleaned from those cases holding that nominal or formal parties are not required to join in the petition for removal, *Chicago, Rock Island & Pacific Ry. v. Martin*, 178 U.S. 245, 20 S.Ct. 854, 44 L.Ed. 1055 (1900); *Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen & Assistants' Local 349*, 427 F.2d 325 (5th Cir. 1970); *Howard v. George*, 395 F.Supp. 1079 (S.D.Ohio 1975); *Glenmede Trust Co. v. Dow Chemical Co.*, 384 F.Supp. 423 (E.D.Pa. 1974), and, in case of removal jurisdiction based on diversity, those decisions which hold that the citizenship of a nominal or formal party is not considered. *Salem Trust Co. v. Manufacturers' Finance Co.*, 264 U.S. 182, 44 S.Ct. 266, 68 L.Ed. 628 (1924); *Hann v. City of Clinton ex rel. Schuetter*, 131 F.2d 978 (10th Cir. 1942); *Aberle Hosiery Co. v. American Arbitration Association*, 337 F.Supp. 90 (E.D.Pa.1972); *Stonybrook Tenants Association, Inc. v. Alpert*, 194 F.Supp. 552 (D.Conn.1961). In these cases, the test of whether a defendant is a nominal or formal party depends ultimately on the facts of each case, *Tri-Cities Newspapers, Inc., supra*, but it is generally stated that a party whose role in the lawsuit is merely that of a depository or stakeholder is to be classified as a nominal party. *Salem Trust Co., supra; Bacon v. Rives*, 106 U.S. 99, 1 S.Ct. 3, 27 L.Ed. 69 (1882); *Farmers' Bank v. Hayes*, 58 F.2d 34 (6th Cir. 1932); *Colman v. Shimer*, 163 F.Supp. 347 (W.D.Mich.1958). *See Tri-Cities Newspapers, supra*. Specifically applicable to this case is the fact that both the *Farmers' Bank* and *Bacon* courts refer to the role of a garnishee as that of a nominal party.

After examining the purpose of the removal statute, Professor Moore concluded that a garnishee is not a defendant entitled to remove an action to federal court. 1A Moore's Federal Practice ¶ 0.167[12.–1]. *See Bata v. Central-Penn National Bank*, 223 F.Supp. 91 (E.D.Pa.1963). *But see Clarise Sportswear Co. v. U & W Manufacturing Co.*, 223 F.Supp. 961 (E.D.Pa.1963). It

is unnecessary for this court to endorse Moore's statement as a general principle applicable to all garnishees. It is sufficient to focus on the facts presented by this case. In *West v. West*, 402 F.Supp. 1189 (N.D.Ga. 1975), this court examined the nature of garnishment proceedings in Georgia for the purpose of determining whether there was a claim "against" the United States under 28 U.S.C. § 1346. The court stated:

> Under Georgia law, when a garnishee answers the summons of garnishment, the statements in the answer are accepted as true, and the garnishee is discharged from all further liability unless either the claimant or the defendant files a traverse contesting the answer. Ga. Code Ann. § 46–303 (Rev.1974); *Peaslee-Gaulbert Corp. v. Okarma*, 97 Ga.App. 809, 104 S.E.2d 548 (1958). It is apparent, then, that there is not a claim against the United States until a traverse is filed to its answer, for it is only at that point in the litigation that the government is subject to a liability which it contests.

402 F.Supp. at 1191–92 (footnote omitted). Similarly, a defendant is a party against whom a claim is asserted, and here, until such time as a traverse is filed to its answer, the United States Postal Service's role in this action is merely that of a stakeholder—not a defendant within the meaning of the removal statute.

Accordingly, this case is hereby remanded to the Civil Court of Fulton County.

IT IS SO ORDERED this 29th day of July, 1976.