John T. and Albert RICHARDSON, Administrators of the Estate of James Richardson, Plaintiffs,

v.

EXXON CORPORATION and Eugene J. Schmoyer, Defendants.

Civ. No. 79–848.

United States District Court, M. D. Pennsylvania.

Jan. 14, 1980.

Michael Rundle, John Schneider, Milford, Pa., for plaintiffs.

Joseph Gallagher, Scranton, Pa., John M. Phelan, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

NEALON, Chief Judge.

### I.  INTRODUCTION

On January 4, 1979, James Richardson of Dingman Township, Pennsylvania was killed when a tractor-trailer truck driven by Eugene J. Schmoyer, an Exxon employee, collided with his residence.[1] The plaintiffs, John T. Richardson of Indiana and Albert Richardson, Jr. of Ohio, have instituted this action which asserts both wrongful death and survival theories against the defendants. Originally, the suit was filed in the Pike County Court of Common Pleas. Exxon and Schmoyer subsequently removed the case to this court. Presently under consideration is a motion by the plaintiff to remand the litigation to the state judiciary.

Both parties agree that defendant Schmoyer resides in Pennsylvania. According to 28 U.S.C. § 1441(b), a diversity "action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."[2]

On this basis, the Richardsons conclude that federal jurisdiction does not exist in the instant action.

The defendants, however, maintain that the statute cannot be read so literally. Schmoyer and Exxon assert that § 1441(b) only blocks removal in the event that the domestic co-defendant is a "necessary and indispensable" party to the action. The charges against Exxon, they reason, are predicated on the theory of respondeat superior. According to the defendants, Schmoyer is neither "necessary" nor "indispensable" to this type of litigation. They therefore conclude that the removal was proper.

### II.  LEGAL ANALYSIS

*Salem Trust Company v. Manufacturers' Finance Company*, 264 U.S. 182, 44 S.Ct. 266, 68 L.Ed. 628 (1924) involved the rights of successive assignees to net proceeds. The petitioner and one of the respondents disputed each other's claim to the money. A second respondent, nevertheless, was merely a stakeholder whose only concern was determination of the litigant to be paid. When the case was removed to federal court, the petitioner requested a remand. The second respondent was a Massachusetts corporation. Normally, this fact would have precluded federal jurisdiction, because the petitioner was also a Massachusetts citizen and thus perfect diversity was broken, at least superficially. *Strawbridge v. Curtiss*, 3 Cranch 267, 7 U.S. 267, 2 L.Ed. 435 (1806).

Yet the Supreme Court reached the contrary conclusion. "Jurisdiction," the majority explained, "cannot be defeated by joining formal or unnecessary parties." *Salem Trust Company v. Manufacturers' Finance Company*, 264 U.S. at 189, 44 S.Ct. at 267. Essentially, the Court concluded that the second respondent should not be considered for jurisdictional purposes, because the corporation had no tangible rights at stake. According to the majority:

---

[1]. The Record is not definite that this building was actually Richardson's home, but the inference is suggested.

[2]. The Petition for Removal clearly indicates that the diversity statute, 28 U.S.C. § 1332, is the sole basis of jurisdiction.

. . . This suit involves a controversy between the petitioner, a citizen of Massachusetts, and the respondent, the Finance Company, a citizen of Delaware, which can be determined without affecting any interest of the other respondent, the International Trust Company, a citizen of Massachusetts. The latter is not an *indispensable party.* . . . It has *no interest* in the controversy between the petitioner and the other respondent. Its only obligation is to pay over the amount deposited with it when it is ascertained which of the other parties is entitled to it. On the question of jurisdiction, an unnecessary and dispensable party, will not be considered. [emphasis added]. *Id.* at 190, 44 S.Ct. at 267.

Subsequent cases have adopted *Salem* in the context of removal under § 1441(b). The above quote, nevertheless, has caused some confusion. Specifically, courts have disagreed on the meaning of "formal or unnecessary." Some opinions have seized upon the term "indispensable." These authorities imply that removal is possible unless the domestic defendant fits the technical definition of "indispensable party." *See* Fed.R.Civ.P. 19.[3] A second school of thought takes a different view and labels a party "formal or unnecessary" only if there is no real cause of action asserted against it.[4] Resolution of the instant case hinges on which position the court adopts.

Proper analysis must begin with a concept of fraudulent joinder, the principle designed to prevent plaintiffs from defeating federal jurisdiction by naming defendants who have no reason to be sued. There are two reasons for selecting this starting point. First, it must be remembered that *Salem* itself was a diversity case whose "formal or unnecessary" rationale was incorporated into § 1441(b). The ruling was only one in a long series of precedents which developed the fraudulent joinder rule; namely, that a litigant shall not be considered for the purpose of construing diversity unless it is a "real party in interest."[5] Thus, other cases in this area should be helpful in defining "formal or unnecessary" as used in *Salem.* Second, by the plain wording of § 1441(b)[6] joinder by a domestic defendant should preclude removal if the individual is a "real party in interest." This language suggests that "formal or unnecessary" and "real party in interest" should have an identical meaning. Significantly, the latter term can best be defined in the context of fraudulent joinder.

Recently, our Court of Appeals has rendered an important joinder decision which does much to define the status of a defendant "real party in interest." *Ramada Inns, Inc. v. Rosemount Memorial Park Ass'n.,* 598 F.2d at 1303–1312. The case involved a suit brought by a Delaware corporation against a New Jersey non-sectarian cemetery. According to a state statute, the New Jersey cemetery board and Attorney General were joined as "indispensable parties."

**3.** Such precedents include *A. E. Staley Manufacturing Company v. Fishback & Moore, Inc.,* 353 F.Supp. 578, 582 (E.D.Pa.1973); *Aberle Hosiery Company v. American Arbitration Ass'n.,* 337 F.Supp. 90, 92 (E.D.Pa.1972), *appeal dismissed,* 461 F.Supp. 1005 (3rd Cir. 1972); *Stonybrook Tenants Ass'n., Inc. v. Alpert,* 194 F.Supp. 552, 556–57 (D.Conn.1961).

**4.** *See Irving Trust Company v. Century Export & Import,* 464 F.Supp. 1232, 1242 n. 14 (S.D.N.Y.1979); *Dailey v. Elicker,* 447 F.Supp. 436, 438 (D.Col.1978); *Newman v. Forward Lands, Inc.,* 418 F.Supp. 134, 136–37 (E.D.Pa.1976); *Glenmede Trust Company v. Dow Chemical Company,* 384 F.Supp. 423, 431 (E.D.Pa.1974).

**5.** For older cases, *see Salem Trust Company v. Manufacturers' Finance Company,* 264 U.S. at 189 n. 2, 44 S.Ct. at 267 n. 2. More recent cases include *Ramada Inns, Inc. v. Rosemount Memorial Park Ass'n.,* 598 F.2d 1303, 1306 (3rd Cir. 1979); *Iowa Public Service Company v. Medicine Bow Coal Company,* 556 F.2d 400, 404 (8th Cir. 1977); *Hann v. City of Clinton,* 131 F.2d 978, 981 (10th Cir. 1942).

**6.** According to 28 U.S.C. § 1441(b):

Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

In most instances, this fact would have destroyed diversity since the Attorney General was but an *alter ego* of the state which is not a "citizen" of any jurisdiction and thus not subject to 28 U.S.C. § 1332. The court, nevertheless, ruled that federal jurisdiction was preserved.

According to the *Ramada* ruling, New Jersey was not a "real party in interest," because no "possible outcome of this suit could result in an award of damages which will be paid out of the state treasury or in equitable relief which must be satisfied by the state." *Id.* at 1307. Quite simply, no cause of action existed against the Attorney General. Joinder was effected simply to satisfy the state statute. For these reasons, the fact that New Jersey was a defendant had no affect on diversity even though the state was technically an indispensable party. On the basis of *Ramada*, this court concludes that the joining of Schmoyer as a defendant requires remand of this case under § 1441(b) if it is determined that a colorable case has been made against him.[7]

A review of the facts demonstrates that federal jurisdiction is improper. The Richardsons' complaint directly claims relief against Schmoyer. The fact that Exxon is a co-defendant does not eliminate the truck driver's stake in the case. Indeed, the corporation cannot be found liable vicariously unless a cause of action exists against Schmoyer. *Pryor v. Chambersburg Oil and Gas Company*, 376 Pa. 521, 528, 103 A.2d 425 (1954). More importantly, Exxon will have a potential right to indemnification against the truck driver in the event of a verdict for the plaintiffs. *Builders Supply Company v. McCabe*, 366 Pa. 322, 326, 77 A.2d 368 (1951). Schmoyer must be considered a "real party in interest," because the outcome of this suit could be an award of damages against him. *See Ramada Inns, Inc. v. Rosemount Memorial Park Ass'n.*, 598 F.2d at 1306–1307. Therefore, his presence as a defendant precludes removal of this case. 28 U.S.C. § 1441(b). According-

ly, this action shall be remanded to the Court of Common Pleas for Pike County.

---

7. Therefore, the Court rejects any language in *Staley, Aberle,* and *Stonybrook* which suggests that remand should only occur if the Exxon employee satisfies the technical definition of "indispensable" party.