**J. BAXTER BRINKMAN OIL AND GAS CORPORATION, Precision Services, Inc., J. Baxter Brinkman, and Mill S. Hall, Plaintiffs,**

**v.**

**Billy Wayne THOMAS, Mara Barbour, ERC Industries, Inc., Goldouble Company, Ltd., and Li Yao Li, Defendants,**

**and**

**Daqing Petroleum Administrative Bureau, Intervenor.**

**No. CA–3–87–1868–T.**

United States District Court, N.D. Texas, Dallas Division.

March 30, 1988.

---

4. *See* 12 U.S.C. § 1729(c)(2) for list of conditions. All of these conditions have been met in the present action.

Charles W. Cunningham, Jeffrey A. Carter, Johnson & Swanson, Dallas, Tex., for plaintiffs.

Martin R. Griffin, Susan L. Karamanian, Locke Purnell Rain, Harrell, Dallas, Tex., John E. O'Neill, Marie Perez, Diana K. Howard, Porter & Clements, Sandra Pace Williams, Houston, Tex., for defendants.

## ORDER GRANTING MOTION TO REMAND

MALONEY, District Judge.

On December 7, 1987, Plaintiffs filed their Motion to Remand. On December 29, 1987, Defendants filed their response.

This case presents the novel question of whether a foreign state may intervene as a defendant in a state court proceeding, where there is otherwise no basis for federal jurisdiction, and then remove the case to federal court pursuant to 28 U.S.C. § 1441(d) on the assertion that the case is one "against a foreign state." An extensive search of federal case law has revealed no case on point with the specific issue presented, although there is ample case law to support the Court's decision today.

This suit involves a dispute between parties to a contract for the sale of certain oil and gas production equipment. It appears that Plaintiff contracted to sell this equipment to Defendant Goldouble Company, Ltd. (Goldouble), a Hong Kong based trading company, for the ultimate use of Daqing Petroleum Administrative Bureau (Daqing), an agency of the Chinese government. It further appears that Goldouble and Daqing were not satisfied with the quality of the equipment and other aspects of Plaintiffs' performance under the contract. Upon receiving notice of such dissatisfaction, Plaintiffs filed a suit in Texas state court against Goldouble, Daqing, and various other defendants, seeking a declaratory judgment. Daqing removed that suit to federal court pursuant to 28 U.S.C. § 1441(d). Plaintiffs subsequently filed a Notice of Voluntary Dismissal, and dismissed Daqing and another Chinese agency from the suit.

Almost simultaneously with that dismissal, Plaintiffs filed another suit in Texas state court, seeking a declaratory judgment regarding Plaintiffs' performance under the contract, among other things. This time, however, Plaintiffs did not name either Daqing or the other Chinese agency as defendants.

Daqing filed a petition to intervene, which the state trial court granted. Immediately after intervening in this case, Daqing again removed to federal court pursuant to 28 U.S.C. § 1441(d). Plaintiffs now move to remand the case to state court on the basis that Daqing's removal under § 1441(d) as an intervenor was improper.

Title 28 U.S.C. § 1441(d) states:

> Any civil action brought in a State court against a foreign state as defined in section 1603(a) of this title may be removed by the foreign state to the district court of the United States for the district and division embracing the place where such action is pending....

There appears to be no dispute that Daqing, being an agency of the Chinese government, qualifies as a "foreign state" within the meaning of § 1441(d). Daqing alleges that it intervened as a matter of right in this case as a defendant because its interests are "inextricably intertwined with the interests of the other parties in the suit." Therefore, Daqing asserts, this case

is an action "against a foreign state" as contemplated by § 1441(d) and Daqing has the right of removal.

Plaintiffs, however, complain that Daqing voluntarily injected itself into these proceedings and is not a party which can avail itself of the § 1441(d) removal provision.

For the reasons explained below, this Court is of the opinion that removal of this action by Daqing was improper both because it voluntarily injected itself into these proceedings, and because, although it has intervened nominally as a defendant, its interests are in the nature of those of a plaintiff, who have no power of removal.

■ Daqing first argues that, pursuant to statutory authority, all actions involving a foreign state *must* be litigated in the United States Courts. Daqing relies on 28 U.S.C. § 1330, which provides that:

> The district courts shall have original jurisdiction without regard to amount in controversy of any nonjury civil action against a foreign state as defined in Section 1603(a) of this title....

Daqing incorrectly interprets that statute to confer exclusive jurisdiction on the federal courts of any action involving a foreign state. While the purpose of § 1330 was to assure access to the federal courts in actions involving foreign states when no basis for federal jurisdiction otherwise exists, plaintiffs may still elect between proceeding in a federal court or a state court, subject only to the prerogative of a foreign state to remove a state court proceeding to federal court. *Williams v. Shipping Corporation of India*, 653 F.2d 875 (4th Cir. 1981).

Daqing next asserts that the Fifth Circuit has specifically approved of removal of state actions to federal court by intervenors in state actions. Although the cases cited by Daqing all involved state court actions in which a party intervened, and the subsequent removal of the case to federal court, none of them explicitly stand for the proposition that a party may voluntarily intervene as a nominal defendant and then remove the case to federal court, no matter what his interest. It is the opinion

of this Court that such action was not contemplated by § 1441(d).

■ The removability of a case is generally determined by the plaintiff's pleadings. *Hopkins Erecting Co. v. Briarwood Apartments, Inc.*, 517 F.Supp. 243 (E.D. Ky.1981). The Fifth Circuit, in fact, has held that a case which is not removable upon the initial pleadings of the plaintiff can become removable only as a result of a voluntary act of the plaintiff. *Weems v. Louis Dreyfus Corp.*, 380 F.2d 545 (5th Cir.1967).

■ In *Eastern Indemnity Company of Maryland v. J.D. Conti Electric Co.*, 573 F.Supp. 1036 (E.D.Va.1983), the court addressed a question similar to that faced by this Court. In that case, the United States intervened in a state suit as a co-defendant. The government subsequently filed a petition for removal pursuant to 28 U.S.C. §§ 1441, 1444, 1446, and 2410. Plaintiffs moved to remand. Section 1444 provides:

> Any action brought under section 2410 of this title against the United States in any State court may be removed by the United States to the district court of the United States for the district and division in which the action is pending.

When considering the propriety of removal by the United States pursuant to § 1444, under the pretense that this was an action "against the United States" because the United States had intervened as a co-defendant, the Virginia court stated, "In sum, the United States was a voluntary party in the state proceedings in this action. Consequently, invocation of 28 U.S.C. § 1444, designed to allow the United States to remove to federal court when involuntarily brought into a state proceeding pursuant to § 2410, is inappropriate." *Eastern Indemnity*, 573 F.2d, at 1038.

This court notes the similarity between sections 1441(d) and 1444, and concludes that because Plaintiffs did not name Daqing as a defendant, Daqing was not brought involuntarily into the state court proceeding. Therefore removal of this action pursuant to § 1441(d) is inappropriate.

Further, this Court finds that although Daqing has nominally intervened in this suit as a defendant, its interests lie with those of a plaintiff. In *Armstrong Cover Co. v. Whitfield,* 418 F.Supp. 972 (N.D.Ga. 1976), the court, cognizant of the fact that only a true defendant can remove a case, stated that the court must look beyond the pleadings and "examine the petitioning party's real interest in the dispute." *Armstrong,* 418 F.Supp., at 973. The court then analyzed the true interests of the United States Postal Service, nominally a defendant, and concluded that it was a garnishee which is not entitled to remove an action to federal court.

If the allegations which Daqing makes regarding the defectiveness of the equipment and Plaintiffs' failure to perform under the contract are true, Daqing is the aggrieved party in this suit. While Plaintiffs have previously sought only a declaratory judgment against Daqing and Goldouble, the Court anticipates that Daqing will file a counterclaim for actual damages with its answer. In light of these circumstances, Daqing's interests are in the nature of that of a plaintiff, who has no right of removal. If Daqing does not like the forum chosen by Plaintiffs here, it can choose to assert its claims against Plaintiffs in the forum of its own choosing. Therefore, this Court finds that Daqing has no right to remove this suit from state court and concludes that it should be remanded.

The Court is aware that a motion to sever and two motions to transfer are also pending in this case. Because this case finds that this cause was improvidently removed and should be remanded, it will not exercise any jurisdiction regarding the other pending motions.

It is therefore ORDERED that Plaintiffs' motion to remand is granted and this cause is remanded to the 160th District Court of Dallas County, Texas, from which it was removed.